## MERRILL v. FIRST NAT. BANK OF JACKSONVILLE.

(Circuit Court of Appeals, Fifth Circuit. June 15, 1896.)

### No. 486.

1. NATIONAL BANKS—INSOLVENCY—AMOUNT OF CLAIM—COLLATERAL.
   A creditor of an insolvent national bank is entitled to prove the whole amount of the claims against it held by him, without reference to the collateral held to secure such claims. Armstrong v. Bank, 8 C. C. A. 155, 59 Fed. 372, 16 U. S. App. 465, followed.

2. SAME—SUIT TO ESTABLISH CLAIM—DECREE.
   In a suit against a receiver of an insolvent national bank to establish the claim of a creditor and his right to a dividend, the decree should not direct the payment of a dividend by the receiver, since the assets of such bank are, under the statutes, entirely within the control and disposition of the comptroller of the currency, but such decree should direct that the claim of the creditor, as established, be certified to the comptroller, to be paid in due course of administration.

3. SAME—ACCOUNTING.
   It seems that an accounting of the assets which have come to the hands of the receiver of an insolvent national bank cannot be decreed in a suit to which the comptroller of the currency is not a party.

Appeal from the Circuit Court of the United States for the Southern District of Florida.

This was a bill filed by the National Bank of Jacksonville against T. B. Merrill, as receiver of the First National Bank of Palatka, and shows, among other things, that the appellee was a creditor of the First National Bank for one class of indebtedness, consisting of sundry drafts, amounting to $6,010.47, and for another class of indebtedness, consisting of certificates of deposit, loans, and interest, amounting to $10,093.34,—making a total of $16,103.81 due the appellee from the First National Bank of Palatka on the 17th day of July, 1891; that the appellee held certain collateral to secure the last-mentioned indebtedness, amounting to $10,896.22, according to the face thereof; that the appellee collected a portion of the collateral after insolvency of the bank, leaving a balance due on its said indebtedness, so secured by collateral, of $4,496.44; that the receiver and comptroller allowed the appellee dividends on this balance and dividends on the unsecured indebtedness, but refused to allow dividends on the total indebtedness from the date of insolvency; that there has been great delay by said receiver in winding up the matters of said First National Bank of Palatka, and that the receiver has made no distribution of assets of said bank since the 17th day of May, 1893. The prayer of the bill is: "That the defendant may discover the amount of assets of said First National Bank of Palatka that came into his hands, and account for the same, and that the defendant may be decreed to pay to your orator (and to all other creditors of said First National Bank of Palatka in like situation, who may come in and make themselves parties to this suit, and contribute to the expenses thereof) a pro rata distribution upon the entire amount of indebtedness due to your orator from the said First National Bank of Palatka, to wit, upon the

sum of sixteen thousand one hundred and three and $81/100$ dollars, together with interest thereon from the 17th day of July, A. D. 1891, without deducting therefrom the amount realized from collateral given to secure a portion of said amount due your orator from said bank as aforesaid; that the defendant may wind up the affairs of said bank and of his said receivership thereof without further delay; and that your orator may have such other and further relief in the premises as to your honor may seem meet, and the necessities of this case may require, and as shall be agreeable to equity."

The receiver demurred to the bill on the following grounds: "First. That the said bill does not contain any matter of equity whereon this court can ground any decree or give any relief against this defendant. Second. Because the complainant seeks to make proof of its claim without deducting amounts collected by it from collateral securities prior to making proof, and further seeks to compel the defendant to pay it ratably in proportion with other creditors on a basis of the gross amount of indebtedness without crediting the collections from said collateral securities. Third. Because the complainant is estopped in equity from making new proof, having made proof according to law, and received dividends upon the basis of the said proof."

This demurrer was overruled, and the receiver answered as follows: "(1) That this defendant has never made or declared any dividend to the creditors of the First National Bank of Palatka. On the contrary thereof, this defendant says that he was made receiver of the said bank by appointment of the United States comptroller of the currency, under section 5234 of the Revised Statutes, and that since his said appointment he has paid over to said comptroller all moneys derived by him from the assets of the said bank in accordance with the terms of the said law, and that the appointment of the complainant and the dividend thereunder set forth in the bill of complaint were made by the said comptroller, and this defendant had nothing whatever to do therewith, except to transmit to the complainant the checks of the said comptroller representing the said payments, which said payments were made in pursuance of the provisions of section 5236 of the Revised Statutes, and that this defendant has not and cannot have any authority to make disbursements to any of the creditors of the said bank, nor has he in his hands any funds which are available for that purpose. On the contrary thereof, this defendant is charged under the law of his appointment with the duty of transmitting to the comptroller all moneys realized from the assets of the said bank. (2) And, further answering the said bill, this defendant denies that the complainant gave due notice that it would demand a pro rata dividend upon the whole amount due to it without deducting the amount collected on collateral security. On the contrary thereof, this defendant avers the fact to be that the complainant accepted the said ruling of the said comptroller without demur, and accepted from the said comptroller, through this defendant, without protesting notice of any kind, the checks of the said comptroller in payment of the dividends mentioned in the bill, and that it was not until the 15th of March, 1894, that the complainant gave notice of any kind that it dissented from the said ruling of the comptroller, and would demand payment upon a different basis; that since December 1, 1892, the said comptroller has made disposition of the assets of the said bank in his hands in good faith, believing that the matter of his said ruling was at rest; so that the complainant should now be estopped to demand an apportionment on a different basis. (3) And, further answering the said bill, this defendant says that he has realized in money from the assets of the said bank the sum of $176,317.91; that under the orders of the said comptroller he has disbursed the sum of $51,561.33 for the expenses of his receivership. 'in which expenses are included moneys paid on decree in litigated case in this court, and for loans paid, etc., amounting to the sum of $17,653.55'; that he has transmitted to the said comptroller, as required by law, the sum of $143,849.03; that there remains in the hands of this defendant the sum of $907.55, which is subject exclusively to the orders of the said comptroller; and that the remaining assets of the said bank consist of sundry parcels of real property and some securities and choses in action, many of which are absolutely worthless, and the value of the rest of which cannot be estimated. (4) And, further answering the said bill, this defendant denies that there has been great or any delay in winding up the matters of the said bank. On the contrary thereof, the assets of the said bank have been real-

ized upon with the utmost expedition consistent with the character of the same, and the great business depression which has existed in Florida since this defendant took charge of the affairs of the said bank. Moreover, this defendant, in all matters concerning the management of the assets of the said bank, has acted strictly in accordance with instructions received from the comptroller of the currency."

The complainant excepted to this answer as insufficient, but the exceptions were overruled, whereupon the complainant, without replying, set the case for hearing on bill and answer. On the hearing the circuit court rendered a decree as follows: "It is ordered, adjudged, and decreed that the complainant is entitled to receive from the assets of the said First National Bank of Palatka a distributive share and dividend as one of the creditors of said bank, based upon, and to be calculated upon, the whole amount of the indebtedness due said complainant from said bank, principal and interest, to wit, upon the basis of the sum of $16,103.81, as the amount of the indebtedness due complainant on July 17, 1891, with interest thereon from July 17, 1891, and crediting thereon as partial payments the dividends heretofore paid on the dates of their several payments. It is further ordered, adjudged, and decreed that the said defendant, as receiver, declare the dividend to be due to complainant upon the said basis of its said claim, as above stated, and that said amount of such dividend should be paid out of any assets of the defendant bank which were in the hands of the said defendant, as receiver, on the 15th day of March, 1894, or came into his hands since the said 15th day of March, 1894, after the payment out of such assets of any costs and expenses of such receivership as may have remained unpaid since the 15th day of March, 1894. It is further ordered, adjudged, and decreed that the said defendant, as such receiver, do declare said dividend as payable to the said complainant, and do pay said complainant the amount of such dividend out of any assets that were in the hands of said receiver on the 15th of March, 1894, or may have come into his hands since the 15th day of March, 1894, after deducting from said assets the costs and expenses of said receivership due on that date or accruing since. It is further ordered, adjudged, and decreed that the said defendant, as receiver of said First National Bank of Palatka, do file within thirty days, in this cause, in this court, an account showing the amount of assets in his hands on the 15th day of March, 1894, and received by him out of the assets of said bank since the 15th day of March, 1894, and the expenditures out of same for the expenses and management of such receivership, as hereinbefore mentioned, and that the amount due to the complainant upon the dividends to it, as a creditor of said bank, upon the basis hereinbefore decreed, shall be paid to said complainant out of such balance of such assets as were in the hands of said receiver on the 15th day of March, 1894, aforesaid, and have been received by him since the 15th of March, 1894."

The receiver, under order from the comptroller of the currency, sued out and prosecuted this appeal, assigning as errors: "First. Because the court erred in rendering the decree overruling the defendant's demurrer to the bill of complainant herein. Second. Because the court erred in rendering the final decree herein: (a) Because the said decree herein requires the defendant to declare and pay dividends, whereas the law does not vest receivers of national banks with authority to either declare or pay dividends; (b) because said final decree requires the defendant to file an account showing the assets in his hands, and his expenditures, which order is beyond the power of said court to enforce."

Duncan W. Fletcher, for appellant.

J. C. Cooper, for appellee.

Before PARDEE and McCORMICK, Circuit Judges, and SPEER, District Judge.

PARDEE, Circuit Judge (after stating the facts as above). As this case was heard upon the bill and answer, it follows that all matters well pleaded in the bill, and not denied or avoided in the answer, responsive to the bill, or in avoidance of the same, are

to be taken as true. Thus, considering the bill and answer, the following material facts appear: On the 17th of July, 1891, the First National Bank of Palatka failed, and thereafter the appellant was duly appointed by the comptroller of the currency as receiver of said bank, and entered upon his duties, taking charge of all the books, notes, accounts, property, and effects of the same. At this time the National Bank of Jacksonville, appellee herein, had two demands against the First National Bank of Palatka. One of these was for sundry drafts, unsecured, for the sum of $6,-010.47, and the other was for certificates of deposit, loan, and interest, amounting to $10,093.34, and secured by collateral of the face value of $10,896.22. The said bank having tendered proper proof of its said claims, the comptroller allowed the unsecured demand of $6,010.47, but rejected the secured claim, directing the National Bank of Jacksonville to exhaust its collateral given to secure said demand, and then to prove the claim for the difference between the amount of the loan and interest and the amount realized from said collateral. Upon this ruling by the comptroller the National Bank of Jacksonville proceeded to collect all the productive collateral, and credited the same upon the demand, and thereafterwards presented a claim for allowance in the sum of $4,496.44, balance due on the $10,093.34 demand after applying the proceeds of collateral as collected. This claim was allowed by the comptroller. The National Bank of Jacksonville received dividends from time to time as the same were declared based upon the unsecured demand and upon the balance of the secured demand as proved. This condition remained until September 11, 1894, when this suit was instituted for the purpose of establishing the claim against the assets of the First National Bank of Palatka in favor of the National Bank of Jacksonville for the full amount of the secured debt as it existed at the time the receiver was appointed, without regard to the collateral which was subsequently collected. On this state of facts the unsecured claim for $6,010.47, which was allowed upon presentation, and upon which dividends have since been paid and accepted, may be left out of consideration, and the main question in this case is, had the National Bank of Jacksonville the right to prove up the full amount of its $10,093.34 claim, although secured by collateral, and receive dividends on the full amount thereof, without reference to the amounts that might be subsequently collected on such collateral and applied on the same claim? The precise question was adjudicated in the case of Armstrong v. Bank, 16 U. S. App. 465, 8 C. C. A. 155, and 59 Fed. 372, where nearly all the adjudged cases are reviewed, and the question is discussed on principle. In that case it was held that "the creditors of an insolvent national bank, in proving their claims, cannot be required to allow any credit for collection from collateral made subsequent to the declared insolvency of the bank, and before the filing of the proof of claim." From an examination of many of the cases cited and reviewed in Armstrong v. Bank, supra, as well as a consideration of the reasoning therein, we are compelled to concur with the rule as declared in that case, and therefore we hold in the instant case

that when the National Bank of Jacksonville presented to the receiver the proof of its secured debt as it was on the day the First National Bank of Palatka failed, said proof should have been received, and the claim allowed without reference to the collateral held to secure the said claim, and that the said National Bank of Jacksonville is now entitled to have the claim adjudicated by proper decree in this case, and to be decreed to have such relief as the circumstances of the case and jurisdiction of the court will permit.

The appellant complains of the form of the decree appealed from, and strongly objects that certain relief therein granted was beyond the power of the court, and not warranted by the facts in the case. It is objected that the appellant, as receiver, has no authority to declare any dividend payable to complainant, or to pay the complainant any dividends out of any assets that were in the hands of the receiver on March 15, 1894, or may hereafter come into his hands since the 15th day of March, 1894, because, he says, under the laws of the United States he is compelled to pay all moneys collected by him as receiver into the treasury of the United States, subject to the order of the comptroller of the currency, and that by the same laws the comptroller of the currency is alone authorized to declare and pay dividends. Section 5234 of the Revised Statutes of the United States provides for the appointment and duties of receivers of national banks, and thereunder receivers are appointed by the comptroller of the currency, and they are under the direction of the comptroller, and are required to pay over all money made out of the assets of the insolvent bank to the treasury of the United States, subject to the order of the comptroller, and also make report to the comptroller of all other acts and proceedings. Section 5236 of the Revised Statutes of the United States provides as follows:

"From time to time, after full provision has been first made for refunding to the United States any deficiency in redeeming the notes of such association, the comptroller shall make a ratable dividend of the money so paid over to him by such receiver on all such claims as may have been proved to his satisfaction or adjudicated in a court of competent jurisdiction, and, as the proceeds of the assets of such association are paid over to him, shall make further dividends on all claims previously proved or adjudicated; and the remainder of the proceeds, if any, shall be paid over to the shareholders of such association, or their legal representatives, in proportion to the stock by them respectively held."

Under these statutes it seems clear that the assets of an insolvent national bank, when collected by the receiver, are entirely within the control and disposition of the comptroller of the currency, and that the receiver is without power in respect to the payment of dividends. Numerous authorities have been cited by the counsel for appellee to the effect that the title to the assets of an insolvent national bank is transferred to the receiver. Richmond v. Irons, 121 U. S. 27, 7 Sup. Ct. 788; Bank v. Colby, 21 Wall. 609; Bank v. Mixter, 124 U. S. 724, 8 Sup. Ct. 718; Scott v. Armstrong, 146 U. S. 499, 13 Sup. Ct. 148; Armstrong v. Bank, 133 U. S. 433, 10 Sup. Ct. 450. In this last-mentioned case it appears that a decree directing the receiver to allow the claim for the full amount

against the assets in his hands as receiver, and to satisfy it by paying such dividends as he had made theretofore and as should be made thereafter from the assets of the Fidelity Bank in the due course of administration, and to pay the defendant 25 per cent. already declared, with interest, etc., was confirmed by the supreme court. In none of the cases cited does it appear that the precise question was considered. In general, the receiver of a national bank has been held to be a mere instrument of the comptroller, and subject in all respects to his instruction. Kennedy v. Gibson, 8 Wall. 498; Bank v. Kennedy, 17 Wall. 21. In Eastern Townships Bank v. Vermont Nat. Bank, 22 Fed. 186, the proper form of a decree in a case similar to the one in hand was considered in reference to section 5236, Rev. St., and Case v. Bank, 100 U. S. 446. It was held that judgments in such cases should be certified by the receiver through the comptroller, and be paid in due course of administration. In Case v. Bank, supra, the judgment was, after reciting the amount of the demand, etc., as follows:

"That Frank F. Case, receiver, do recognize the said Citizens' Bank of Louisiana as creditor, * * * and that he do pay the same or certify the same to the comptroller, to be paid in due course of administration; * * * and that the Citizens' Bank of Louisiana do receive, before further payment to creditors, its due proportion of dividends pro rata with those already paid to the creditors of the Crescent City National Bank."

In this case it does not appear that the form of the judgment was contested, but in affirming the judgment the court did say:

"Beyond all doubt, the validity of their debt is established by the verdict and judgment; and, if so, it requires neither argument nor authorities to show that the order given by the circuit court to provide for the payment of the amount recovered was proper and correct." Id. 456.

In the absence of a decision to the contrary by the supreme court of the United States, the law as declared in the statute above quoted should prevail.

Appellant further objects that the court was without authority on the pleadings and facts to decree that the receiver should account to the court in the instant case as to the assets of the First National Bank of Palatka received and collected by him, and his expenditures of the same for the expenses and management of the receivership. The appellant contends that the case made does not warrant any such accounting as is decreed, that the case was heard on bill and answer, and that the answer, which is admitted to be true, shows the amounts that the receiver had received and disbursed. The appellee had a right to resort to the court to have his claim adjudicated when it was refused by the comptroller, but it is very doubtful whether, on the case made by the bill and answer, if in any case, the receiver, in a suit in which the comptroller is not a party, can be made to account for an administration of which the comptroller is solely responsible. As we view the equities involved, a decree to the effect that on the 1st day of July, 1891, the First National Bank of Palatka was indebted to the National Bank of Jacksonville on a certificate of deposit secured by collateral in the sum of $10,093.34, which indebtedness was duly proved, and should have

been allowed, and dividends paid thereon; that said indebtedness is now allowed as of the date of July 1, 1891; and that the National Bank of Jacksonville be paid dividends on such indebtedness as have been allowed and paid on other indebtedness of said First National Bank of Palatka, with 8 per cent. interest on such dividends from the date of declaration thereof, less a credit of the sums heretofore paid as dividends on that part of said claim heretofore allowed, provided, however, that the dividends heretofore paid and hereafter to be paid on said sum of $10,093.34, together with the amounts heretofore and hereafter received on the collaterals securing said indebtedness, shall not exceed 100 cents on the dollar on the principal and interest on said debt; that T. B. Merrill, receiver, do recognize the said National Bank of Jacksonville as a creditor of the First National Bank of Palatka in the said sum of $1,093.34 as of date July 17, 1891; that he do pay the same or certify the same to the comptroller of the currency to be paid in due course of administration; and that the said National Bank of Jacksonville do receive, before further payment to creditors, its due proportion of dividends as hereinbefore declared, with interest thereon, with those already paid to the other creditors of the First National Bank of Palatka,—will protect the rights of the National Bank of Jacksonville as fully as the nature of the case and the jurisdiction of the court will permit, particularly in view of the conduct of the said bank in proving up part of its said claim, in accepting dividends on such part, and in delaying to bring this suit until after large dividends had been declared, and paid to the other creditors. The decree of the circuit court is reversed, and the cause is remanded, with instructions to enter a decree in accordance with the views herein expressed; the costs of appeal to be paid by the National Bank of Jacksonville, and the costs of the circuit court by the receiver, as a part of the expenses of his administration.