## MERRILL v. NATIONAL BANK OF JACKSONVILLE.

(Circuit Court of Appeals, Fifth Circuit.    December 8, 1896.)

### No. 542.

APPEAL—DISMISSAL—DECREE UNDER MANDATE.

An appeal, taken to the circuit court of appeals from a decree of the circuit court entered in accordance with the mandate of the former court upon a previous appeal, will be dismissed, even though an appeal lie to the supreme court from the decision of the circuit court of appeals.

Appeal from the Circuit Court of the United States for the Southern District of Florida.

Duncan U. Fletcher, for appellant.

John C. Cooper, for appellee.

Before PARDEE and McCORMICK, Circuit Judges, and MAXEY, District Judge.

PARDEE, Circuit Judge.    This case was before this court at the last term, and was then heard and determined upon its merits.    21 C. C. A. 282, 75 Fed. 148.    In the decree then rendered we reversed the former decree of the circuit court, and remanded the cause, with instructions to enter a decree in accordance with the views expressed in the opinion of the court, in which opinion the decree to be entered was specifically outlined and determined.    On entering the mandate in the circuit court a decree in exact accordance with our mandate was entered, whereupon T. B. Merrill, receiver, sued out the present appeal.

The appellee has moved to dismiss the appeal, on the ground that no appeal lies from a decree entered in the circuit court in accordance with the mandate of this court; and this motion should be granted.    In Stewart v. Salamon, 97 U. S. 361, it was expressly decided that an appeal from the decree which the circuit court passed in accordance with the mandate of the supreme court upon a previous appeal will, upon the motion of the appellee, be dismissed, with costs.    In Humphrey v. Baker, 103 U. S. 736, the precise question was again decided, and in the same way.    Stewart v. Salamon, supra, has been continuously approved.    Mackall v. Richards, 116 U. S. 45, 6 Sup. Ct. 234; Gaines v. Rugg, 148 U. S. 228, 242, 13 Sup. Ct. 611; Railway Co. v. Anderson, 149 U. S. 237, 242, 13 Sup. Ct. 843; Smelting Co. v. Billings, 150 U. S. 31, 37, 14 Sup. Ct. 4; In re Sanford Fork & Tool Co., 160 U. S. 247, 259, 16 Sup. Ct. 291.

In opposition to the motion to dismiss it is urged that, under the act entitled "An act to establish circuit courts of appeals, and to define and regulate in certain cases the jurisdiction of the courts of the United States, and for other purposes," approved March 3, 1891, an appeal lies to the supreme court of the United States from the decision of this court, and therefore the present appeal should be heard.    If we concede that such appeal lies, we see in it no reason to vary from the uniform practice established by the supreme court in regard to second appeals in the same case.

The appeal is dismissed.