LONDON & S. F. BANK v. WILLAMETTE STEAM-MILL, LUMBERING & MANUFACTURING CO.

(Circuit Court, S. D. California. March 29, 1897.)

No. 703.

1. RECEIVERS—DIVIDENDS—DELAY OF CREDITOR.
   Delay of a creditor, resulting from proceedings taken at the receiver's request, to reduce his claim to judgment, is not negligence, and will not prevent the creditor from receiving dividends in proportion to those already paid to others, before further dividends are declared.

2. SAME—SECURED CLAIMS—SURRENDER OF SECURITIES.
   In the federal courts, a creditor holding collateral securities cannot be compelled to surrender them before participating in dividends declared by the receiver.

3. FEDERAL COURTS—STATE LAWS.
   State laws relating to insolvency and assignments for creditors do not control the federal courts, in receivership cases, in respect to the right of a creditor holding collateral security to receive dividends without first surrendering the collateral.

This was a suit in equity by the London & San Francisco Bank against the Willamette Steam-Mill, Lumbering & Manufacturing Company, in which a receiver has been appointed for the defendant corporation. The cause is now heard on the motion of a creditor to require the receiver to pay it dividends in proportion to those already paid to others.

Frank W. Burnett, for complainant.
H. C. Dillon, for defendant.
Sheldon Borden, for receiver.

WELLBORN, District Judge.  This is a motion of San Gabriel Valley Bank, a creditor of the defendant, and holding certain securities, that the receiver be directed, before paying further dividends to other creditors, to pay to said bank such proportion of its claim, recently filed, as has heretofore been paid, respectively, on the claims of the other creditors.  On this motion two suggestions have been made by the attorney for the receiver:  First, that payments to said San Gabriel Valley Bank be limited to dividends hereafter declared; second, that said bank be required to surrender to the receiver its securities, before participating in any dividend.

Answering the first suggestion of the receiver, I would say that, in my opinion, the San Gabriel Valley Bank should receive, before further dividends are declared to other creditors, the same proportion of its claim as such other creditors have received on their claims respectively.  As I understand the facts, said bank is not chargeable with negligence in presenting its claim, but whatever delay there may have been resulted from proceedings, taken at the request of the receiver, to reduce said claim to judgment.

With reference to the second point, it will be observed that, while circumstances may justify the expectation that the defendant's debts will be ultimately paid in full, yet the pending question must be determined as though the estate now being administered by the receiver were insolvent.  The rule applicable to such a case, as recognized by the federal courts, is that the creditor who holds collateral securities cannot be compelled to surrender them until full satisfaction of his debt, and is entitled in the meantime to receive the same dividends as unsecured creditors.  Wheeler v. Walton & Whann Co., 72 Fed. 966; Merrill v. Bank, 21 C. C. A. 282, 75 Fed. 148;  Bank v. Armstrong, 8 C. C. A. 155, 59 Fed. 372.

Counsel for the unsecured creditors, in his brief, invokes the principle of equity "that, where one of the creditors of an insolvent has two funds against which he can proceed, and the other creditors can proceed only against one of those funds, the former creditor must first exhaust the fund against which the other creditors cannot proceed before he can come in and share pro rata with them out of the fund which alone is available to them."  In the case last above cited (Bank v. Armstrong) the court refer to this rule as follows:

"It is a rule of equity that, where a creditor holds two securities, one of which he has in common with others, and the other of which he holds for his sole use, he may be required to collect his debt first out of the security for his sole benefit, so that those who hold in common with him may have more to apply to their debts.  But this rule can never be invoked where he who has the two securities cannot pay himself in full out of both.  He was given the two securities to pay his debt, and he cannot be deprived of this primary equity for the benefit of some one else, who is less fortunate in his security. 3 Pom. Eq. Jur. § 1414;  Story, Eq. Jur. § 564b."

Again, in the same case, and at page 378, 59 Fed., and page 161, 8 C. C. A., it is said:

"The other cases cited, and especially Greenwood v. Taylor, 1 Russ. & M. 185, seem to rest on the rule of equity requiring a creditor with two funds as security, one of which he shares with others, to exhaust his sole security

first.  As already said, the rule has no application when its operation would prevent the creditor from paying his whole claim."

Counsel for the unsecured creditors further relies, in support of the point raised by the receiver, on analogies drawn from the statutes of California relating to insolvency and assignments for benefit of creditors.  In federal courts, state laws cannot control the question, but it must be determined according to general principles of equity.  Said motion is allowed.