McCOURT et al. v. SINGERS-BIGGER.

(Circuit Court of Appeals, Eighth Circuit.    September 24, 1906.)

No. 2,491.

1. APPEAL—DECREE IN EXECUTION OF MANDATE WHICH ADJUDGES SUBSEQUENT ISSUES, APPEALABLE.

No right of appeal exists from a decree entered in an inferior court in exact accordance with the mandate of the appellate court; but a decree which adjudges subsequent issues that were not determined by the earlier decree, which was the basis of the mandate, is subject to review by appeal.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error, §§ 813, 814.]

2. SAME—APPEAL MATTER OF RIGHT.

An appeal is a matter of right, and its allowance does not rest in the discretion of court or judge. It may be denied only in cases in which no appeal whatever is permitted by the law.

3. SUPERSEDEAS—MATTER OF RIGHT AND NOT OF DISCRETION OF JUDGE.

A supersedeas is a matter of right, and its allowance does not rest in the discretion of court or judge. It is the effect, as a matter of law, of a compliance by the appellant with the provisions of the acts of Congress. The only function of the judge is to determine whether the security proffered for "damages and costs" is good and sufficient. Sections 1000, 1007, 1012, Rev. St. [U. S. Comp. St. 1901, pp. 712, 714, 716].

4. SAME—TAKING SECURITY FOR "DAMAGES AND COSTS" SUPERSEDES ENTIRE DECREE WHERE IT IS SINGLE.

The taking of security for "damages and costs" on an appeal from a second decree, which reforms the grant of relief, and determines issues not adjudicated by the former decree, upon which a mandate of affirmance issued, supersedes the later decree, and deprives the inferior court of the power during the pendency of the appeal to execute a part of it, which in its opinion is but a repetition of the former adjudication.

(Syllabus by the Court.)

Appeal from the Circuit Court of the United States for the District of Colorado.

See 145 Fed. 103.

Thomas, Bryant & Malburn, for appellants.

T. J. O'Donnell, for appellee.

Before SANBORN and VAN DEVANTER, Circuit Judges.

SANBORN, Circuit Judge. A petition for a writ to forbid the court below from executing an order that $24,931 of the moneys deposited in that court be paid to the complainant below, the appellee here, has been presented, and is urged upon the ground that an appeal has been taken from the decree upon which this order is based, and that the decree has been superseded by the filing of an approved bond for

that purpose. The controversy arises in this way: The complainant, the owner of one-half of the stock of the Colorado Amusement Company, a corporation, exhibited her bill against other stockholders of that corporation, the Consolidated Amusement Company, another corporation, Peter McCourt, the manager thereof, and others, to secure a transfer from the Consolidated Company to the Colorado Company of certain leases of theaters and of the profits derived therefrom. During the litigation some of the moneys derived from these profits were deposited in the court below, and these moneys are the subject of the present litigation. On June 13, 1905, a final decree was rendered in this suit, to the effect that on March 7, 1903, there was due and that there should be paid to the defendant, the Colorado Amusement Company by the defendants Peter McCourt, Emma F. McCourt, the Consolidated Amusement Company, and F. C. Young, $52,788.44, and interest from June 13, 1905, and the further sum of $2,972.22, and interest from the same date, on account of what was called the Silver Circuit; that the Colorado Amusement Company should pay to the complainant for her counsel fees and costs $9,560.19, and that certain other defendants should pay other costs of this suit. An appeal to this court was taken from this decree by the defendants. It was affirmed, and a mandate was remitted to the court below to execute it. Thereupon the complainant filed a petition in the Circuit Court, wherein she prayed that the decree thus affirmed be reformed and amended so that it should adjudge: (1) The actual amount which the Colorado Amusement Company was entitled to receive from the profits derived from the leases of the theaters up to September 4, 1904, as against Emma F. McCourt and Peter McCourt, and the share of all the profits to which the company was entitled, both of those adjudged in the former decree and of those subsequently claimed, to which the complainant was entitled as the owner of one-half of the capital stock of the Colorado Company; (2) the amount of additional counsel fees which should be allowed to the complainant; and (3) certain claims to interest and costs presented in this new petition. The court referred the issues raised by this petition to a master, and in due time his report, the evidence upon which it was based, and the exceptions of the parties, were filed. Upon consideration, the court thereupon rendered another decree, whereby it determined the amounts which the Colorado Amusement Company was entitled to receive as against Emma F. McCourt and Peter McCourt on account of profits accruing between March 7, 1903, the date to which the accounting extended under the first decree, and September 20, 1904; the share of the profits due to the Colorado Company on account of the profits adjudged to that company under the first, as well as under the second, decree to which the complainant was entitled; the questions relative to the additional counsel fees, costs, and interest presented by the petition filed subsequent to the mandate, recited that $48,696.40 had been paid into court; reformed and imbodied in this second decree the unexecuted relief granted under the former decree, as well as the additional relief given by this decree; and adjudged that $5,000 additional fees should be paid to counsel for complainant; that certain costs specified and the sum of $34,857.31

should be paid to the complainant or her counsel out of the fund on deposit with the court; and that the remainder of that fund should be paid to the defendant Emma F. McCourt. From this decree the defendants appealed, and gave a bond for a supersedeas, which was approved by the judge. But the court below found that its second decree related to matters adjudicated in the first decree so far as it directed $24,931 of the $34,857.31 to be paid to the complainant; that this amount should be disbursed to the complainant or her solicitor forthwith, and that the appeal and bond should operate as a supersedeas to stay the execution of the remainder of the decree only. It accordingly directed the payment to the complainant of this $24,931 out of the moneys in the court notwithstanding the appeal and bond, and it is the execution of this order which the appellants apply to this court to restrain.

An appeal is a matter of right. Its allowance does not rest in the discretion of court or judge. It may be lawfully denied only in cases in which no appeal whatever is permitted by the law. The Douro, 3 Wall. 564, 566, 18 L. Ed. 168. No right of appeal exists from a decree entered in an inferior court in exact accordance with the mandate of the appellate court, because such a decree is, in effect, the decree of the latter court. But a second decree, which adjudicates subsequent issues which were not determined by the decree which was the basis of the mandate, is always subject to review by appeal. Stewart v. Salamon, 97 U. S. 361, 24 L. Ed. 1044; Hinckley v. Morton, 103 U. S. 764, 26 L. Ed. 458; In re Sanford Fork & Tool Co., Petitioner, 160 U. S. 247, 16 Sup. Ct. 291, 40 L. Ed. 414; U. S. v. Camou, 184 U. S. 572, 574, 22 Sup. Ct. 505, 46 L. Ed. 694; Southern Building & Loan Association v. Carey (C. C.) 117 Fed. 325; Merrill v. National Bank of Jacksonville, 78 Fed. 208, 24 C. C. A. 63.

The decree which this court affirmed and directed to be executed did not determine what amount should be paid to the complainant out of the $52,788.44 which it adjudged that certain of the defendants should pay to the Colorado Amusement Company, nor what amount should be paid to her on account of the profits derived from the theaters subsequent to March 7, 1903, nor what fees of counsel and costs should be allowed to her in addition to those specified in that decree. These were new issues which the petition of the complainant presented subsequent to the decision and mandate of this court, and, as the second decree determines them for the first time, the defendants have the undoubted right to a review of the decision of these questions by this court. The second decree is appealable.

A supersedeas, like an appeal, is a matter of right, and its allowance does not rest in the discretion of court or judge. "It follows, as a matter of law, from a compliance by the appellant with the provisions of the act of Congress in that behalf." Goddard v. Ordway, 94 U. S. 672, 24 L. Ed. 237; 1 U. S. Comp. St. 1901, pp. 712, 714, 716, §§ 1000, 1007, 1012. Section 1007, which provides that the defeated party may obtain the supersedeas, and may give the security required by law, confers upon him the right so to do, and leaves no lawful power in the judge to refuse or disregard the supersedeas when the case

is appealable, the required security is given, and the other provisions of the statute in this regard are complied with. Section 1000, which directs that the justice or judge signing a citation shall take good and sufficient security that the plaintiff in error or appellant "shall answer all damages and costs where the writ is a supersedeas and stays execution, or all costs only where it is not a supersedeas, as aforesaid," imposes upon the justice or judge the duty to take adequate security, but it leaves to the defeated litigant the option to give such security for damages and costs, and in that way to obtain a supersedeas, or to give security for costs only, and thus to permit the judgment or decree to be executed immediately. The cases in which the writ or the appeal, as the case may be, is a supersedeas and stays execution, are determined by the provisions of the acts of Congress, and not by the opinion or discretion of the judge or justice. His only function is to determine whether or not the security offered is good and sufficient. If it is, it is his duty to take it, and upon his acceptance of it the execution of the judgment or decree is stayed. Where adequate security for damages and costs is presented in the time and manner prescribed by the statutes, the duty of the court to accept it is plain and imperative, and the law itself works the supersedeas. Simpson v. First National Bank, 129 Fed. 257, 260, 63 C. C. A. 371; Lockman v. Lang, 132 Fed. 1, 4, 65 C. C. A. 621; Jacobs v. George, 150 U. S. 415, 14 Sup. Ct. 159, 37 L. Ed. 1127; Draper v. Davis, 102 U. S. 370, 371, 26 L. Ed. 121.

The second decree in this case was appealable. The defendants had the right, under the acts of Congress, to stay its execution by giving good and sufficient security for damages and costs. They gave this security. Thereupon the law stayed the execution of the decree, and the court below was mistaken in its view that it might nevertheless lawfully proceed to execute it so far as to pay over to the complainant $24,931 out of the larger sum adjudged to her, because in its opinion her right to this amount was determined by the former decree. The opinion of the court below upon this subject did not avoid the supersedeas, because this suit is single, this last decree reforms the former adjudication, grants all the unexecuted relief there specified, and more, and by the appellants' compliance with the law this decree is superseded in every part; and because the opinion of the court below is challenged by one of the appellants' assignments of error, and has been brought to this court for review. Under the law, neither the court below nor this court, during the pendency of this appeal, is empowered to execute the decree. The Circuit Court will doubtless follow the views expressed in this opinion without the issuance of a formal writ, but counsel for the appellants have permission to apply to the court for one at any time, if necessary.