**HALL, Com'r of Insurance and Banking, v. TYLER COUNTY.   (No. 887.)**

(Court of Civil Appeals of Texas.   Beaumont. Jan. 22, 1923.)

**1. Banks and banking ☞63½—Commissioner's possession of insolvent bank while liquidating through agent is not limited to 60 days.**

Rev. St. art. 453, authorizing the commissioner of insurance and banking to wind up the affairs of an insolvent bank through some competent person, provides an alternative method to that prescribed by article 523, authorizing the commissioner to appoint a special agent to take temporary charge of a bank, who is not to continue in charge for more than 60 days, and the commissioner's possession through an agent appointed under the former article is not limited to 60 days, in view of the requirements of articles 456–459, 461, 463, 464, 469, 474, for acts to be performed by the commissioner during liquidation by him, many of which could not be performed within 60 days.

**2. Banks and banking ☞63½—Requirement of court's approval for compounding of bad debts does not make commissioner a court officer.**

The requirement of Rev. St. art. 458, that the terms upon which bad debts of an insolvent bank are sold or compounded, must be approved by the proper district court, does not signify that the commissioner is an officer or receiver of the court, but he remains an officer of the state, whose general authority is wholly independent of the court.

Appeal from District Court, Tyler County; D. F. Singleton, Judge.

Suit by Tyler County against Ed Hall, as Commissioner of Insurance and Banking, and others. From an order made in vacation upon an ex parte application placing the Tyler County State Bank in the hands of a receiver, the defendant Commissioner appeals. Reversed, and receivership dismissed.

W. A. Keeling, Atty. Gen., for appellant.

Mooney & Smith, of Woodville, and Sonfield, Nall & King, of Beaumont, for appellee.

HIGHTOWER, C. J.   This is an appeal from an order of the Honorable D. F. Single-

ton, judge of the Seventy-Fifth judicial district of Texas, made in vacation upon an ex parte application and without notice to the defendants, placing the Tyler County State Bank in the hands of a receiver.

On June 3, 1921, Tyler county, as plaintiff, presented to said judge a petition naming as defendants the Tyler County State Bank, the officers and directors of said bank, both in their official and individual capacities, and also naming as a defendant Ed Hall, commissioner of insurance and banking of this state. The petition, in stating plaintiff's cause of action against the bank and its directors, is rather voluminous, but it is not necessary to a disposition of this appeal to do more than summarize such of the allegations as relate to the application for a receiver for the defendant bank. These allegations are, substantially, that the defendant Tyler County State Bank is a state banking corporation under the laws of this state; that on March 28, 1921, said bank was insolvent and unable to pay its debts; that on said date plaintiff was a depositor creditor of said bank, and had on deposit in said bank a large sum of money, in excess of, to wit, $400,000; that on said date the commissioner of insurance and banking, who was the defendant Ed Hall, because of the insolvency of said bank, took charge thereof in his official capacity for the purpose of liquidating and winding up the affairs of said bank, and that said commissioner, with that end in view, placed in charge of said bank as his special agent one J. C. White; that said commissioner, through said agent, has been in charge and control of said bank ever since said 28th day of March, 1921, and has been assuming the authority to manage and control the affairs of said bank and to proceed with its liquidation during all of said period of time without applying to the proper court for the appointment of a receiver for said bank; that said commissioner was not, under the law of this state, authorized to remain in charge and control of said bank, through a special agent or otherwise, for a period of more than 60 days without making application to the proper court for the appointment of a receiver for said bank; that while said bank was in the hands of its officers and directors they were guilty of gross mismanagement of the affairs of said bank, both willfully and negligently, which mismanagement had brought about the insolvency of the bank; that the said commissioner, Hall, and his special agent, White, were not familiar with the affairs of the bank, and also that they had been guilty of negligence in their management of the bank's affairs, and that, for the protection of plaintiff and other creditors of said bank, it was necessary that a receiver be appointed for the bank, to the exclusion of

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

said commissioner. This petition was properly verified when presented to Judge Singleton and, acting upon the same, in the absence of any notice to any of the defendants, he appointed D. G. Mann receiver for said bank, and the receiver executed a bond as ordered by the judge. From the order appointing such receiver, appellant has prompt-ly prosecuted his appeal to this court, and has filed a brief in which he contends that the district judge was not authorized to appoint such receiver, and thereby remove appellant, who was in charge and control of said bank in his official capacity as commissioner of insurance and banking of this state. Appellee has filed no brief, but appeared by counsel upon submission of the cause, and orally argued the case for the appellee.

In order to a proper disposition of this appeal, it is necessary that we consider several provisions of the statutory law of this state relative to state banks and the authority and duties of the commissioner of insurance and banking of this state. Upon oral argument before this court, it was the contention of counsel for appellee, Tyler county, that the order of Judge Singleton placing the bank in the hands of a receiver was correct, for the reason that the petition showed that the commissioner of banking and his special agent had been in charge and control of the bank for a period of more than 60 days without causing the Attorney General of this state to apply to the proper court for the appointment of a receiver of this insolvent bank, and that said commissioner was not authorized under the law of this state, to remain in possession and control of said bank for a period of time exceeding 60 days. Counsel for appellee, in support of this contention, rely upon what is now article 523 of our Revised Civil Statutes. This article was a part of the act of 1905, which was the first legislation in this state upon the subject of state banking. This article is quite lengthy, too much so to be copied here, and we think that quotation of the concluding portion of the article will be sufficient to reflect the reason for appellee's contention.

"Upon taking charge of any bank or trust company, the commissioner shall, as soon as practicable, ascertain, by a thorough examination into the affairs, its actual financial condition; and, whenever he shall become satisfied that such corporation cannot resume business or liquidate its indebtedness to the satisfaction of all its creditors, he shall report the fact of its insolvency to the Attorney General, who shall, immediately upon the receipt of such notice, institute proper proceedings in the proper court for the purpose of having a receiver appointed to take charge of such bank or trust company and to wind up the affairs and business thereof, for the benefit of its depositors, creditors and stockholders; and it is made the duty of the court, or the judge thereof, in vacation, summarily to appoint said receiver to take possession of the property and assets of said bank, for the purpose of winding up the business thereof, any complaint or opposition of the bank or trust company, or its officers, subsequently to be heard in open court. The commissioner may appoint a special agent to take charge of the affairs of insolvent banks or trust companies temporarily, until a receiver is appointed, such agent to qualify, give bond and receive compensation the same as a regularly appointed bank examiner, such compensation to be paid by the bank, or allowed by the court, as costs in case of the appointment of a receiver; provided, that in no case shall any bank continue in charge of such special agent for a longer period than sixty days."

In 1909 the Legislature of this state made further provision for the operation and control of state banks and imposed other duties and conferred further authority upon the commissioner of insurance and banking. A part of that legislation will be found in what is now article 453, Revised Statutes. This article reads as follows:

"Whenever any state bank or trust company shall become insolvent and shall voluntarily, or by law, or in any manner as provided in this title, come into the hands of the commissioner of insurance and banking, he may proceed to wind up its affairs, either through a receiver or through some competent person, who shall give bond as may be required by the board, payable to the board, for the faithful performance of all duties imposed upon him. Said bond may be recovered upon for the benefit of said guaranty fund, or any party at interest. On taking possession of the property and business of any such state bank, the commissioner shall forthwith give notice of such fact to any and all banks, trust companies, associations and individuals holding or in possession of any assets of any such state bank."

Thus it will be observed that it is appellee's contention that the language, "or through some competent person, who shall give bond as will be required by the board, payable to the board," contained in article 453, should be so construed as to make applicable thereto the words, "provided, that in no case shall any bank continue in charge of such special agent for a longer period than sixty days," contained in article 523. On the other hand, it is appellant's contention that the language of article 523, just quoted, restricting the possession of a special agent over the assets of an insolvent bank to a period of 60 days, is applicable only to the general scheme of liquidation of insolvent state banks contained in article 523 as a whole. In other words, it is appellant's contention that the possession of a state bank throught the special agent mentioned in article 523 is to be restricted to 60 days in cases only where a state bank is sought to be liquidated by a receiver appointed by the court at the instance of the Attorney General; and it is insisted by appellant that it is discretionary with the commissioner of insurance and banking as to which method of

liquidation of a state bank he might adopt, whether by liquidating it through a special agent, as provided in article 453, or by causing the Attorney General of the state to apply for a receiver.

[1, 2] After careful consideration of the question, we have reached the conclusion that appellant's contention is correct, and that the proper construction of articles 453 and 523 leaves it optional and discretionary with the commissioner of insurance and banking of this state as to which of such methods of liquidation of a state bank he should adopt. It certainly was not the intention of the Legislature, when the commissioner shall have taken charge of an insolvent state bank for the purpose of liquidating it through his special agent, to require him to accomplish that purpose within the period of 60 days, and, if he should find himself unable to do so, that then he should be compelled, or the Attorney General for him, to apply to a court for the appointment of a receiver. We are strengthened in this conclusion by a consideration of other articles in the statute. By article 456 the commissioner is authorized to collect money due insolvent banks of which he has taken charge, and generally to conserve the assets of such banks, and he is directed thereby to "proceed to liquidate the affairs thereof, as provided in this chapter." By article 457 the commissioner is directed to collect all debts due the bank in his charge. By article 458 the commissioner is authorized to sell and compound bad or doubtful debts due the bank, but in this particular the terms upon which such debts are sold and compounded must be approved by the proper district court. The facts, however, that the sale and compounding of bad and doubtful debts by the commissioner must be approved as to terms by the proper district court does not signify or mean that the commissioner is in any sense an officer or receiver of the court (Ex parte Chetwood, 165 U. S. 443, 17 Sup. Ct. 385, 41 L. Ed. 782), but he is an officer of the state, and his general authority is wholly independent of the court. Merrill v. First Nat. Bank of Jacksonville, 75 Fed. 148, 21 C. C. A. 282; In re Earle (C. C.) 92 Fed. 22. True, the cases just stated deal with national banks in the hands of the comptroller, but we feel sure that there can be no sound distinction when it comes to the question of displacing the national or state officer in charge of an insolvent bank, and liquidating its affairs under the general system and scheme provided by the lawmaking power, and placing in his stead a receiver appointed by the court.

Our state Legislature has provided, it seems, for a system of operating, control, and liquidating of state banks which is quite as full and complete, perhaps, as that provided by Congress for national banks. Proceeding further to show that it was not the intention of our Legislature to restrict the possession of the commissioner of an insolvent state bank, through his agent, to a period of 60 days, we call attention to further articles of our statute. By articles 459 and 461, the commissioner is required to enforce liability of stockholders of insolvent banks, and he may appoint agents to assist him in the liquidation and distribution of the assets of all such banks. He may also engage legal services in connection with the liquidation and distribution of the assets of such banks. By article 463, the commissioner is required to give notice to all claimants who appear as creditors on the books of an insolvent bank in his possession. To do this, however, he is allowed 90 days, and then claimants or creditors of the bank have the same length of time to present their claims to the commissioner. By article 464 the commissioner is authorized to reject any and all claims presented to him, and then the article further provides that any suit on such rejected claims must be brought within 6 months; but, if the claims be not filed within that period of time, further special provision is made for their payment. It is to be observed that such acts as the foregoing articles authorize on the part of the commissioner are usually performed by court receivers, but the Legislature of this state has provided that, in cases of insolvent state banks, these things are to be done by the commissioner of insurance and banking, who is a state officer. Proceeding further in this connection, we find that article 466 requires the commissioner to make a full and complete inventory of the affairs of state banks taken possession of by him, and article 469 authorizes him to declare dividends, this, however, subject to the authority of a proper district court. Thus it will be seen that, up to this point, at least, liquidation of an insolvent state bank is provided for by the banking commissioner, and a number of his acts in that connection are authorized and required to be performed long after the expiration of 60 days. Then, by article 474, the Legislature has provided for continued liquidation by the commissioner. Considering the several articles of our statute above mentioned, we cannot escape the conclusion that it was the intention of our Legislature to vest the exclusive right and authority in the commissioner of insurance and banking of this state to liquidate and wind up the affairs of an insolvent state bank, and that, where that officer has proceeded, as in this instance, to do so, he cannot be interfered with by any court at the instance of a creditor of the insolvent bank by displacing the commissioner through the appointment of a receiver.

It seems unnecessary to carry this opinion to any greater length, because we think that a careful reading of the statutory provisions we have mentioned make it reasonably certain that the conclusion we have

reached is correct, and a further discussion would serve no useful purpose.

It is ordered that the judgment of the lower court appointing the receiver in this case be reversed, vacated, and set aside, but the cause in other respects will stand upon the docket of the lower court for trial upon its merits.

Judgment appointing receiver reversed, and receivership dismissed.