## SHAW, Banking Com'r, v. NETHERY et al.
### No. 2301.

Court of Civil Appeals of Texas. Beaumont.
Sept. 29, 1932.

Rehearing Denied Oct. 5, 1932.

Cousins & Bell, of Beaumont, for appellant.

Edward Clark and W. T. Davis, both of San Augustine, for appellees.

WALKER, J.

This suit was filed in the district court of Sabine county by C. A. Nethery and seven other stockholders of the People's State Bank of Bronson, Sabine county, Tex., against James Shaw, banking commissioner of the state of Texas, on the following allegations:

First. The People's State Bank, being insolvent, was in process of liquidation under *orders of the defendant,* who had levied an assessment against each of the plaintiffs and the other stockholders of the bank for an amount equal to the par value of the stock in the bank owned by them. This assessment was made "under the law in such cases made and provided, in order to supplement the assets of said bank in liquidation for the purpose of paying its debts."

Second. Suit had been instituted, cause No. 31, in justice court, precinct No. 1, of Sabine county, Tex., against plaintiff C. O. Nethery, by defendant for the sum of $50; likewise in cause No. 28 in said justice court defendant had instituted suit against plaintiff Loy S. Nethery for the sum of $50; likewise in cause No. 30 in said justice court said defendant had instituted suit against plaintiff W. O. Nethery for the sum of $50; like-wise suit had been instituted in cause No. 438 in the county court of Sabine county by defendant against plaintiff C. S. Nethery for the sum of $750; likewise suit had been instituted in cause No. 536 by defendant in county court of Sabine county against plaintiff D. C. Nethery for the sum of $300; likewise suit had been instituted by defendant in cause No. 537 in the county court of Sabine county against plaintiff C. A. Nethery for the sum of $750; likewise suit had been instituted by defendant in cause No. 539 in the county court of Sabine county against plaintiff P. H. McGowan for the sum of $250; the amount sued for by the defendant against the plaintiff in each of said suits being the amount of stock owned by each of said plaintiffs in said insolvent bank.

It was further alleged that all of the suits, as enumerated above, were based upon the stock assessments made by the defendant herein against said plaintiffs and each of them as stockholders in said bank, and "that all of said plaintiffs, as defendants in said cause of action, have substantially the same defenses against said purported assessment, arising from a common cause and all the mat-ters in controversy in all of said suits are governed by the same legal rule and involve similar facts; * * * that the right attempted to be asserted in the separate suits above mentioned, are common against a number of persons against which each of said defendants in said suits who are plaintiffs here, will urge the same defenses in each one of said suits against said James Shaw, acting as Banking Commissioner of the State of Texas, thereby entailing unnecessary delay, annoyance and expense, all of which matters in controversy between said James Shaw, acting as Banking Commissioner of the State of Texas, against said plaintiffs as defendants, rests upon the same questions of law and substantially the same questions of fact and should be determined in one suit."

Third. It was further alleged that many other persons owned stock in the said bank, and there was attached to the petition a list of the additional stockholders, and that said parties were liable to respond in damages for said assessment and "that your petitioners as shareholders, as a matter of law are entitled to a pro rata return of whatever amount might remain on hand after paying the obligations of said bank; that they assert their right of contribution against all of said stockholders and upon information and belief charge the fact to be, that some or all of said stockholders have not been sued and are able to respond in damages in some amount on said assessment, if the same shall have been determined to be valid; and they further charge upon information and belief that under the color of the law said Bank Commissioner, his agents, servants and

employees, in the liquidation of said bank are about to make compromises with the other stockholders in amounts much less than the full value of said assessments in violation of the rights of the plaintiffs to contribution."

The prayer was "that all of said stockholders be made parties to this suit in order that their liability, if any there be, be determined and fixed to the end that all rights between said Banking Commissioner of the State of Texas and these defendants in said above named suits and plaintiffs here and all of said stockholders may be finally concluded in one suit and that said James Shaw as Banking Commissioner of the State of Texas be forbidden and restrained from further prosecuting said several suits already filed and from further prosecuting any several suits against any of said stockholders severally and from making any compromises with said other stockholders until further orders of this court, and that defendant be cited to appear and answer this petition, and that process issue out of this court commanding all of said stockholders to appear and answer herein and for all relief in law or equity, both special and general, that they may be entitled to by reason of the premises."

Upon presentation of the petition to the district judge of Sabine county, the injunction prayed for was granted and duly issued. From that order, without filing a motion to dissolve, the defendant promptly perfected his appeal.

### Opinion.

The injunction was improperly granted, and should be dissolved. The banking commissioner has the right to institute separate suits against each of the stockholders for the amount due by them under the assessment as made under the provisions of our banking law. In Stringfellow v. Patterson (Tex. Civ. App.) 192 S. W. 555, it was held that a suit on stock assessments was not a proceeding in equity but an action at law, and that the liability of the stockholders under our banking laws was not a secondary, but a primary, liability. In that case the exact point in issue in this case was decided adversely to appellees' contention. Quoting the first syllabus, the court held: "The liability of a bank stockholder, imposed by Vernon's Sayles' Ann. Civ. St. 1914, art. 552 [now 535], is legal in character, not merely equitable, so that the commissioner of banking can maintain a suit thereon against one stockholder without bringing all others before the court."

The allegation in plaintiffs' petition that the defendant was "about to make compromises with the other stockholders in amounts much less than the full value of said assessments, in violation of the rights of the plaintiffs to contribution," was subject to demurrer. Under article 454, Revised Statutes, as amended in 1931 (Vernon's Ann. Civ. St. art. 454), the banking commissioner was expressly given the power to "sell or compound bad or doubtful stockholders assessments * * * levied against stockholders of such bank on such terms as the Court shall direct." As directly supporting this construction of the statute, see Hall, Commissioner of Banking, v. Tyler County (Tex. Civ. App.) 247 S. W. 582.

For the reasons stated, the judgment of the lower court granting the injunction is dissolved, and this cause remanded for trial in accordance with this opinion.

Injunction dissolved; cause reversed and remanded.