## GODDARD *v.* ORDWAY.

1. Where an appeal has been duly taken, the *supersedeas* which follows from a compliance by the appellant with the act of Congress in that behalf operates to stay the execution of the decree.
2. Where the subject-matter of litigation is the funds in the possession of a receiver, the court below may, notwithstanding the *supersedeas*, give him the requisite orders for their preservation; but it cannot place them beyond the control of a decree that may be made here.
8. Should that court, by mistake or otherwise, proceed to carry its decree into effect, its action may be restrained by the appropriate writ from this court.

APPEAL from the Supreme Court of the District of Columbia.

On motion for a writ of *supersedeas*.

*Mr. E. L. Stanton* in support of the motion.
*Mr. R. T. Merrick* and *Mr. George F. Appleby*, contra.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This was a suit in equity prosecuted by the appellant to subject to the payment of a debt a portion of the profits, as they accrued to the defendant in the performance of a contract between himself and the United States. In the progress of the cause in the court below a receiver was appointed to collect from the United States a part of the moneys payable to the defendant under his contract, as they fell due, and retain them to await the result of the suit. Upon the final hearing below the bill was dismissed, and from that decree this appeal, which operates as a *supersedeas*, was taken. When the *supersedeas* was perfected, the receiver had in his hands about $25,000, invested in United States bonds, which he had collected under the order of the court and held subject to its disposal. The appellant fearing, as he alleges, that an order is about to be made, directing the receiver to pay the money in his hands to the defendant, notwithstanding the appeal, asks the interference of this court for his protection.

A *supersedeas* upon the appeal of a suit in equity operates to stay the execution of the decree appealed from. When this appeal was taken, the only execution there could be of the

decree below was the collection of the cost and the delivery to the defendant of the fund in court, which is the subject-matter of the litigation. To that end, a further order of the court was asked; but such an order would be in aid of the execution of the decree which has been stayed, and consequently beyond the power of the court to make until the appeal is disposed of. While the court below may make the necessary orders to pre serve the fund, and direct its receiver to that extent, it cannot place the money beyond the control of any decree that may be made here, for that would be to defeat our jurisdiction.

A *supersedeas* is not obtained by virtue of any process issued by this court, but it follows as a matter of law from a compliance by the appellant with the provisions of the act of Congress in that behalf. We are not required, therefore, to issue any writ to perfect the right of a party to that which the law has given him; but if the court below is proceeding, through mistake or otherwise, to execute its judgment or decree notwithstanding the *supersedeas*, we may, under sect. 716, Rev. Stat., issue an appropriate writ to restrain that action, for it would be " a writ necessary for the exercise of our jurisdiction." The precise form of the writ to be issued, or relief to be granted, must necessarily depend upon the particular circumstances of any case that may arise. In this case, a rule has been already entered and served upon the court below and its receiver, restraining them from paying over any portion of the fund to the defendant until the further order of this court. That rule is now in force, and we suppose no further writ will be necessary to give it effect.     *Motion denied.*