96 U.S. 724
 24 L.Ed. 659
 O'REILLY
v.
EDRINGTON.
 October Term, 1877
 
 MOTION to dismiss an appeal from the Circuit Court of the United States for the Southern District of Mississippi.
 This is an appeal by O'Reilly, assignee in bankruptcy, from the decree of the court below, affirming, in the exercise of its appellate jurisdiction, the decree of the District Court, whereby the appellees, who were defendants, recovered against him, by reason of the matters set up in their cross-bill, $5,050.
 O'Reilly having prayed an appeal from the decree, the court thereupon, May 18, 1877, 'ordered and decreed that said appeal be, and the same is hereby, allowed to operate as a supersedeas, upon the said complainant entering into bond, with sufficient sureties, to be approved by the clerk of this court, conditioned according to law, in the sum of $7,000, to be given within sixty days from this date. Or, if said complainant should desire to prosecute said appeal, so that the same shall not operate as a supersedeas, then it is ordered and decreed that the said appeal be, and is hereby, allowed, upon his entering into bond, with sufficient sureties, conditioned according to law, to be approved by the clerk of this court, in the sum of $250.'
 The bond filed is a supersedeas bond in the sum of $7,000, and is approved by the clerk of the court below. The appellees now move to dismiss the appeal because,——
 1. The following agreement between the parties. dated April 30, 1874, signed by them, approved by their respective counsel, and ratified and confirmed by the judge of the District Court, whose decree was affirmed by the Circuit Court, bars the right to any appeal to this court.
 'This agreement, made this thirtieth day of April, 1874, between H. E. O'Reilly, assignee of W. H. Edrington, Jr., and W. H. Edrington, Jr., and H. C. Edrington, administrators and heirs-at-law of Eliza M. Edrington and W. H. Edrington, Sen., witnesses that, whereas in a certain suit pending in the District Court of the United States, Southern District of Mississippi, wherein the said H. E. O'Reilly, as assignee in bankruptcy to said W. H. Edrington, Jr., is claiming, as said assignee, the title and right of property in certain decrees rendered by the Chancery Court of Adams County against Shipland plantation, and the notes of John Hall secured by said decree, to which suit the said W. H. Edrington, Jr., H. C. Edrington, and W. H. Edrington, Sen., are defendants, it has, in order to avoid further expensive litigation, been agreed to by the said parties that a decree shall be rendered by said District Court in favor of said O'Reilly, assignee and complainant; and as a part of said agreement and compromise, whereby said litigation is to be concluded, it is agreed by the parties to this agreement that the said O'Reilly, as assignee as aforesaid, shall buy the tax-title t the said Shipland plantation, purchased by said Eliza M. Edrington during her lifetime, and also pay all taxes which have been paid by said Eliza and her said heirs and administrators upon said plantation. Now, therefore, the said W. H. Edrington, Sen., W. H. Edrington, Jr., and H. C. Edrington, hereby agree to convey by quitclaim deed to said O'Reilly, as assignee aforesaid, or to such grantee as he may designate within one year from the date of this agreement, or sooner if the money consideration shall be earlier tendered therefor, all the right, title, and interest acquired by said Eliza Edrington, during her lifetime, in said Shipland plantation, under a sale of said lands for taxes; and the said O'Reilly, as assignee aforesaid, in consideration of the premises and the aforesaid conveyance, hereby agrees to pay said W. H. Edrington, Jr., H. C. Edrington, or their attorneys, such sums of money as were paid by said E. M. Edrington in purchasing the tax-title to said Shipland plantation, and such further sums as have been paid by her or her said heirs and administrators in the payment of taxes for and on account of said plantation. It is further agreed that this agreement shall be void, unless the same be approved and confirmed by the said District Court in bankruptcy.'
 2. There is no jurisdictional amount in dispute on the appeal.
 3. The appeal is frivolous, and taken for delay.
 4. There is no legal bond in the record.
 5. The case is neither within the appellate jurisdiction of this court, nor of the Circuit Court, unless in the exercise of the supervisory powers of the latter, and there its decrees are final and irrevocable.
 Mr. Thomas J. Durant and Mr. C. W. Hornor in support of the motion.
 Mr. Alexander Porter Morse and Mr. A. B. Pittman, in opposition thereto, cited Knapp v. Banks, 2 How. 73; Gordon v. Ogden, 3 Pet. 33; Walker v. United States, 4 Wall. 163; Merril v. Petty, 16 id. 345; Western Union Telegraph Co. v. Rogers, 93 U. S. 565; Silver v. Ladd, 6 Wall. 440; Davison v. Lanier, 4 id. 454; Martin v. Hunter's Lessee, 1 Wheat. 361; Jerome v. McCarter, 21 Wall. 17; Martin v. Hazard Powder Co., 93 U. S. 302; Milner v. Meek, 95 id. 252; Deen v. Hemphill, Hempst. 154; Anson, Bangs, & Co. v. The Blue Ridge Railroad Co., 23 How. 1; Seymour v. Freer, 5 Wall. 822; Brobst v. Brobst, 2 id. 96; Powell, Appellate Proceedings, 371; Hilliard, New Trials, 740; Robeson v. Lewis, 64 N. C. 734; McDonald v. Bradley, 8 Ired. (N. C.) 72; Stickney v. Wilt, 23 Wall. 150.
 MR. CHIEF JUSTICE WAITE delivered the opinion of the court.
 
 
 1
 None of the objections to this appeal are, in our opinion, well taken, except the one which relates to the approval of the bond. That, we think, must be sustained. The security required upon writs of error and appeals must be taken by the judge or justice. Rev. Stat., sect. 1000. He cannot delegate this power to the clerk. Here the approval of the bond was by the clerk alone. The judge has never acted; but, as the omission was undoubtedly caused by the order of the court permitting the clerk to take the bond, the case is a proper one for the application of the rule by which this court sometimes refuses to dismiss appeals and writs of error, except on failure to comply with such terms as may be imposed for the purpose of supplying defects in the proceedings. Martin v. Hunter's Lessee, 1 Wheat. 361; Dayton v. Lash, 94 U. S. 112.
 
 
 2
 If the appellant desires that the appeal shall operate as a supersedeas, the bond may be in the sum of $7,000; otherwise, in the sum of $250. The security may be approved by any judge or justice authorized to sign a citation upon an appeal in the cause; but this cause will stand dismissed, unless the appellant shall, on or before the first Monday in March next, file with the clerk of this court a bond, with good and sufficient § curity, conditioned according to law, for the purposes of the appeal; and it is
 
 
 3
 So ordered.