BLINN et al. v. CONTINENTAL SECURITY REDEMPTION CO. et al.

In re CONTINENTAL SECURITY REDEMPTION CO.

(Circuit Court, N. D. Alabama, S. D.   August 24, 1901.)

No. 126.

APPEAL—SUPERSEDEAS—STATEMENT OF RECEIVER'S ACCOUNT.

> After appointment of a receiver, the court rendered a decree dismissing the bill, and on the same day a separate decree, reciting the filing of a report by the receiver and the lodging of exceptions against it, and ordering that the exceptions be referred to a master, and that he proceed to hear and determine them. Appeal was then taken from the former decree, and supersedeas had. *Held* that, even if the decrees be construed as one, the supersedeas did not prevent the making of the statement of the receiver's accounts.

In Equity.

William H. Denson, for petitioner.
William Vaughan, for receiver.
Charles Powell, for defendants.

SHELBY, Circuit Judge. Under the prayer to the original bill in this cause, a receiver was appointed. The record shows that the

receiver came into the possession of valuable assets. At a subsequent term the circuit court came to the conclusion that it did not have jurisdiction of the parties, and that the amount involved was not sufficient to confer jurisdiction, and dismissed the bill by decree entered May 27, 1901. The complainants took an appeal to the supreme court, and the circuit court certified the question of jurisdiction to the supreme court. The complainants, pursuant to the order of the court, gave a supersedeas bond, and the court ordered that all further proceedings be suspended and stayed. On the same day that the circuit court dismissed the bill and discharged the receiver, it also rendered a separate decree, which recited that the receiver had filed his report as directed, "and that exceptions and objections had been lodged against the report" by certain defendants, and it was therefore ordered by the circuit court that these exceptions and objections be referred to a master in chancery. By this decree it was further ordered that the said master in chancery "do proceed to hear and to determine the exceptions to said report of said receiver, and to take evidence on the objections made thereto, and to report his conclusions seasonably to this court." The master in chancery gave notice that he would proceed to hear and determine the exceptions on August 27, 1901. The defendant, the Continental Security Redemption Company, thereupon filed the petition now under consideration, praying that the master in chancery be ordered and directed to proceed no further in the statement of the account of the receiver.

The contention of the petitioner is that, the case having been certified to the supreme court, and the supersedeas having been granted, the master in chancery should be restrained from stating the account until the cause has been determined by the supreme court. An examination of the record shows that the decree appealed from and certified to the supreme court is the one dismissing the bill for want of jurisdiction. The decree directing the statement of the account is not superseded. It was in the discretion of the circuit court, in dismissing the bill, to make such orders as were necessary to preserve the assets in the hands of the receiver. For that purpose it was proper to require a statement of the receiver's accounts. No matter how the supreme court may decide the question of the jurisdiction of the circuit court, the accounts of the receiver will have to be settled. The learned counsel for the petitioner contends that the several decrees rendered May 27, 1901, should all be construed as one decree. The decrees were in fact rendered and signed separately. If, however, they be construed as one decree, I do not think it would alter the case. In a case like this it is the duty of the court, even after the supersedeas of the decree dismissing the bill for want of jurisdiction, to make the necessary orders to preserve the fund in the hands of the receiver. The statement which is directed to be made of the receiver's accounts is necessary to ascertain the amount in his hands. A statement of the account will not place the assets beyond the control of any decree the appellate court may render. On the contrary, it is a proceeding tending to protect the assets, and it is the circuit court's duty to preserve them, notwith-

standing the appeal.   Goddard v. Ordway, 94 U. S. 672, 24 L. Ed. 237;  Ex parte Hood, 107 Ala. 520, 18 South. 176;  Hovey v. McDonald, 109 U. S. 150, 3 Sup. Ct. 136, 27 L. Ed. 888;  Ferguson v. Dent (C. C.) 29 Fed. 1.

An order will be entered denying the petition of the Continental Security Redemption Company for an order restraining the master in chancery from proceeding to.state the account.   Motion denied.