GAY et al. v. HUDSON RIVER ELECTRIC POWER CO. et al.

(Circuit Court, N. D. New York. September 16, 1911.)

1. JUDGES (§ 30*)—FEDERAL DISTRICT JUDGE—POWERS UNDER ASSIGNMENT TO HOLD COURT IN ANOTHER DISTRICT.

A federal district judge, assigned by order of a circuit judge to hold Circuit and District Courts in a district other than his own, because of the contemplated absence of the district judge of the district to which such assignment is made, is not thereby empowered to make and sign orders in a case pending in such other district when absent therefrom and in his own district, and especially when the resident judge of such other district, who presided at the hearing of the cause, is within his district.

[Ed. Note.—For other cases, see Judges, Dec. Dig. § 30.*]

2. APPEAL AND ERROR (§ 470*)—SUPERSEDEAS—AUTHORITY TO APPROVE BOND.

Under the provisions of Rev. St. § 1000 (U. S. Comp. St. 1901, p. 712), that "every judge signing a citation * * * shall take good and sufficient security * * * where the writ is a supersedeas," etc., where the presiding judge of a Circuit Court of Appeals allowed an appeal from a Circuit Court, signed the citation, and fixed the amount of the security to be given to operate as a supersedeas, the bond to be approved by "this court," in order to become effective as a supersedeas the bond must be approved by such judge, and neither the judge nor clerk of the court from which the appeal was taken has power to give such approval.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 470.*]

In Equity. Suit by Eben H. Gay and Joseph W. Jackson against the Hudson River Electric Power Company, the Hudson River Water Power Company, and others. On application for order confirming sale. Order granted.

See, also, 190 Fed. 773.

Application on order to show cause for an order confirming the sale of the properties of six of the defendant corporations made pursuant to a consolidated decree of foreclosure directed by this court in foreclosures allowed by this court.

Davies, Stone & Auerbach (Charles E. Hotchkiss, of counsel), for Knickerbocker Trust Company, and Winthrop & Stimson (Franklin H. Mills, of counsel), for Guaranty Trust Company of New York, and John G. Boston, for Trust Company of America, for the motion.

L. Laflin Kellogg (Alfred C. Pette, of counsel), for National Contracting Company, opposed.

RAY, District Judge. On or about November 1, 1908, this court in the above-entitled action appointed George W. Dunn, Milton De Lano, and Charles W. Andrews, receivers of the properties of the eight defendant corporations, same being then under one management and control, with directions to keep the properties, accounts, etc., of such corporations separate so far as possible. The said receivers qualified and have been in the possession, control, and management of such corporate properties since. On application to the court, permission was granted to foreclose certain mortgages on such properties; it appearing that such a course was absolutely necessary to protect and pre-

serve the rights of the parties. It has always been evident that to keep the properties together and sell them at one time would realize more money and be more beneficial to the bondholders and general creditors, as well as the general public interested in having the business of these corporations kept alive and continued. For good and sufficient reasons, no foreclosure as to the defendant Ballston Spa Light & Power Company was permitted, and under a decision of the Circuit Court of Appeals, the trustee for the bondholders of the Empire State Power Company was permitted to foreclose by advertisement—strict foreclosure—under a clause in the trust mortgage. The sale of that property has not been had. All are what are known as public service, or utilities, corporations.

The properties referred to, aside from those of the Empire State Power Company and the Ballston Spa Light & Power Company, were sold August 29 and August 31, 1911, on four weeks legal notice and other notice directed by the decree deemed proper for the purpose of giving wide notice. They brought about $7,500,000, and, subject to certain prior liens, the purchase price was equivalent to a sale for about $8,500,000. No question is raised as to the adequacy of the price paid or as to the sale having been fairly conducted. The contention is that the court, by its special master appointed for the purpose of executing the consolidated decree of sale, was without power to make the sale on the days named, the sale having been in legal effect stayed by an appeal from the consolidated decree taken by the National Contracting Company, defendant, duly allowed, and on the taking of which appeal it is claimed a supersedeas was duly granted, not only by order, but by the fixing by order of the amount of the bond to be given to operate under the statute as a supersedeas on the appeal, and which orders, it is claimed, were fully executed and complied with by the said appellant before any modification or vacation thereof, and that therefore the appeal was perfected, the supersedeas operative, the cause and jurisdiction over it transferred to the Circuit Court of Appeals, and that no circuit judge could thereafter in any way limit, modify, or vacate the order of supersedeas above referred to or the order fixing the bond to be given and operate as a supersedeas. It is also insisted that the right to a supersedeas is statutory, and that all the court or judge allowing the appeal has to do is to fix the amount of the supersedeas bond by order, and that when such bond is given pursuant thereto the supersedeas is operative and cannot be limited or vacated by the Circuit Court or a judge thereof, as supersedeas on giving the bond, once fixed, is a matter of statutory right.

The National Contracting Company, one of the defendants, is a judgment creditor to the amount of $326,387.55 by virtue of a judgment obtained and duly entered against the Hudson River Water Power Company on or about December 23, 1909. The National Contracting Company defended against the validity of two of the mortgages foreclosed given by the Hudson River Water Power Company aggregating some $8,000,000, but did not attach the first mortgage of some $2,000,000. If its appeal shall be sustained and the said mortgages, too, held invalid, there can be no question that its judgment is good

in part, at least, and to a large amount. The questions involved are substantial, and the defense presents questions of law on which judges may well differ.

The National Contracting Company also claims an equitable lien on the properties so sold for the satisfaction of its judgment based on grounds and facts not necessary to recite. Nothing should be done. by this court or a judge thereof which will operate to place the prop- erty of the Hudson River Water Power Company (or of any of the· other companies) or its proceeds beyond the reach of the National Contracting Company to the extent of its priority, if its appeal is sustained.

The facts upon which the National Contracting Company bases its opposition to the confirmation of the said sale are as follows: The Honorable E. Henry Lacombe is the senior circuit judge of the Sec- ond circuit and the presiding judge of the Circuit Court of Appeals, Second Circuit. The decree of sale in the consolidated foreclosure was granted by Judge Ray, district judge of the Northern district of New York, and acting circuit judge in said district, on the 13th day of July, 1911, and same was entered July 14, 1911. August 19, 1911, the Na- tional Contracting Company, ex parte, presented to Judge Lacombe at chambers in the Southern district a petition praying that it alone be allowed to appeal from the decree and that its appeal be allowed, also assignments of errors, and asked that the judge direct the appeal to · stand as a supersedeas on giving the required bond to be fixed by the judge, and that the judge fix a supersedeas bond accordingly. The pe- tition set forth that the other parties defendant had been requested to join in the appeal but had failed and refused so to do, and also that the properties directed to be sold were in the hands of receivers duly appointed by the court and being operated by them for the benefit of the mortgagees or mortgage bondholders. Judge Lacombe allowed the appeal and signed the citation returnable September 16, 1911, and made and signed an order fixing the bond to be given at the sum of $5,000, conditioned to pay all damages and costs if the said appellant should fail to make its appeal good, etc., and ordered that on giving such bond to be approved by "this court" the decree stand superseded pending the appeal.

No bond in accordance with the order and direction of the judge was presented to or approved by Judge Lacombe, nor has it been. The pe- tition, assignment of errors, and allowance of the appeal and said or- der were duly filed in the office of the clerk of the Circuit Court of the Northern District of New York. The citation was duly served. On the 22d day of August, 1911, the said appellant, National Contracting Company, presented to the clerk of the said Circuit Court of the North- ern District of New York a bond executed pursuant to said order of Judge Lacombe in the sum of $5,000, executed by said National Con- tracting Company as principal and by the United States Fidelity & Guaranty Company as surety, conditioned to pay "all damages and . costs," etc., if the National Contracting Company should fail to make its appeal good. This bond was duly approved by the clerk of the court and filed. The next day, August 23, 1911, the question of the

power of the clerk to approve the bond having been raised, the clerk (deputy in the absence of the clerk himself) of the Circuit Court, Northern District of New York, presented the said bond to Judge Ray, district judge of the Northern district of New York and acting circuit judge in said Northern district, for approval. Judge Ray declined to approve said bond on the ground that, Judge Lacombe having allowed the appeal, granted the supersedeas, fixed the amount of the supersedeas bond, and signed the citation, the bond should, under the statute and decision, be approved by him (Judge Lacombe). In June, 1906, Judge Ray and Judge Geo. C. Holt, one of the district judges of the Southern district of New York, exchanged, and Judge Holt was to hold the June term in the Northern district, and Judge Ray was to hold the June term in the Southern district, and Judge William J. Wallace, then presiding judge of the Circuit Court of Appeals, Second Circuit, and the then senior circuit judge of the Second circuit, made an order duly entered and filed as follows:

"I, William J. Wallace, Circuit Judge of the United States Circuit Court for the Second Circuit, hereby certify that it having been certified to me by the clerk of the United States Circuit and District Courts for the Northern District of New York, under the seals of the said courts, that from the accumulation of judicial business in the said courts and the contemplated absence from the district, of the district judge for that district, the public interest requires the services of a judge from another district to hold the said courts:

"Now, in pursuance of the authority conferred upon me by law, I hereby designate and appoint the Honorable George C. Holt, District Judge of the United States for the Southern District of New York, to hold the said Circuit and District Courts for the Northern District of New York, in the place of the district judge of the said Northern District of New York; and to have and exercise all the powers conferred upon him by virtue of this appointment from this date until this order is revoked.

"In witness whereof, I have hereunto subscribed this certificate this 8th day of June, A. D., 1906. Wm. J. Wallace, Circuit Judge."

This order has never been revoked. On the 24th day of August, 1911, the said bond of $5,000 was presented to Judge Holt in the Southern district of New York for approval, and he approved same. Judge Ray was then in the Northern district and acting as district judge and as circuit judge in said district, and Judge Holt was not in the Northern district or holding court therein. His only power to act was conferred by said order, and the question is raised that as Judge Holt was not within the Northern district of New York on the 24th day of August, or holding court therein, but in the Southern district, and Judge Ray was present in the Northern district, Judge Holt had no power or authority to act as circuit judge in said Northern district at the time, and that the statute, in any event, requires the bond to be approved by the judge who allows the appeal and who signs the citation, and that therefore Judge Holt had no power or authority to approve said bond, and that the approval by him was and is a nullity. The appellant contends that, even if this is true, the bond may be approved within 60 days from the entry of the decree, and that it is the duty of Judge Ray, even now, to approve such bond. August 23d, the solicitors for the trust companies, trustees, holding the mortgages foreclosed, went before Judge Lacombe and applied ex parte for a vaca-

tion, or in the alternative a modification of the order fixing the bond and granting supersedeas, and that judge fixed August 25, 1911, at his chambers in New York City as a time and place for hearing all the parties. On the 25th day of August the parties went before Judge Lacombe at his chambers in New York City and were fully heard, and thereupon Judge Lacombe made and August 28, 1911, signed an order which was duly entered striking from his first order the provision as to a supersedeas bond and amending such order and inserting the following:

"Ordered, that upon the appellant filing the usual bond upon appeal, as security for costs, in the sum of $1,000, duly approved as to form and sufficiency, within ten days from the date thereof, the appeal of the National Contracting Company from the final decree of this court made and entered on or about July 13, 1911, be and it hereby is, allowed. Further ordered, that the appellant may apply in the Northern district to the judge holding circuit therein for an amendment of the decree directing that from the proceeds of the sale a sum sufficient to meet the appellant's claim be reserved until its appeal is heard and decided. And it is further ordered, that the bond on appeal herein, dated August 21, 1911, and filed in the office of the clerk of the United States Circuit Court, for the Northern District of New York, on August 22, 1911, be, and the same hereby is, stricken from the files of said court, and the said clerk is hereby directed to deliver said bond to said appellant, National Contracting Company, or its attorneys."

The National Contracting Company appeared at the sale and presented and read a written protest against the sale, alleging substantially all the facts and grounds stated, and asserting that the sale was in fact stayed by the taking of the appeal, the allowance thereof, the presentation of the assignment of errors, the fixing and execution and filing of the bond, and the approval thereof as stated, etc., and that the special master had no power or right to proceed. The special master overruled the protest and objections and proceeded with such sale. He has made and filed his report, and the National Contracting Company has filed exceptions thereto which were presented to and before the court on the hearing of the order to show cause why such sale should not be confirmed. The National Contracting Company is the only party in interest objecting to such confirmation.

Judge Lacombe is a circuit judge of great learning and ability and long experience, of undoubted integrity, and for many years has been a member of the Circuit Court of Appeals and for some years its presiding judge. He is famed for his careful and painstaking examination of all questions presented to him, his clear conception of the law, and fearlessness in the performance of his duties. It would be unseemly and impertinent for a district judge acting as circuit judge to disregard and in effect overrule the order of Judge Lacombe vacating the supersedeas and striking the bond from the files and hold it null and void, unless so clearly and unquestionably wrong because made without power, or in violation of some express statute or clear decision of the Supreme Court of the United States, as to show that Judge Lacombe called upon to decide hastily in the matter acted inadvertently, or overlooked such statute or decision, in which case he would, of course, expect the judge before whom the motion to confirm the sale came to disregard the void and ineffectual order granted

by him. In view of the interests involved, I have given the matter close attention and careful examination, and if satisfied that the order of Judge Lacombe vacating the supersedeas and striking the bond from the files of the court was void, or ineffectual, one he had no power to make, and that an appeal and a supersedeas under the statute had been perfected by a proper and legal approval of the bond before such action, and that the cause had been actually transferred to the Circuit Court of Appeals before Judge Lacombe amended his order as stated, I should unhesitatingly refuse to confirm the sale. However, I am not so satisfied. I think the order of Judge Lacombe, first granted, and fixing the amount of the bond and directing that it be approved by "this court," meant that it was to be approved by him. If Judge Lacombe, who signed the citation, had approved the bond, and all the papers had been filed before he made his last order, it may be that the cause would thereupon have been in the Circuit Court of Appeals, and that a circuit judge, even Judge Lacombe, acting alone would have been without power to make any such order in the cause.

[1] I have never understood that a district judge of one district, duly assigned and empowered by order of a circuit judge to hold district and circuit courts in another district of the circuit because of and in contemplation of the absence of the district judge residing and holding such courts in such other district, may act as such circuit judge of and in such other district when not in the district to which so assigned and in which empowered to act by such order, but when in his own district, that of his residence and for which appointed, especially when the resident judge of such other district is therein and acting, and especially in a cause with which such district judge has had nothing to do. The fact that Judge Holt was sitting as a circuit judge in the Southern district of New York, his own district, gave him no power to act as circuit judge in and for the Northern district.

[2] But, even if this is wrong, I am of the opinion that the supersedeas bond, to be effectual and operate as such, must be approved by the judge who allows the appeal and signs the citation—in this case Judge Lacombe. The statute so reads, and the Supreme Court has so held. If not approved by him or a defective bond is filed, a judge of the appellate court probably may approve or take such action as will cure the defect.

Section 1000 of the Revised Statutes of the United States (U. S. Comp. St. 1901, p. 712) reads as follows:

"Every justice or judge signing a citation or any writ of error, shall, except in cases brought up by the United States or by direction of any department of the government, take good and sufficient security that the plaintiff in error or the appellant shall prosecute his writ or appeal to effect, and, if he fail to make his plea good, shall answer all damages and costs, where the writ is a supersedeas and stays execution, or all costs only where it is not a supersedeas as aforesaid."

Section 1007 (U. S. Comp. St. 1901, p. 714) reads as follows:

"In any case where a writ of error may be a supersedeas, the defendant may obtain such supersedeas by serving the writ of error, by lodging a copy thereof for the adverse party in the clerk's office where the record remains, within sixty days, Sundays exclusive, after the rendering of the judgment

complained of, and giving the security required by law on the issuing of the citation. But if he desires to stay process on the judgment, he may, having served his writ of error as aforesaid, give the security required by law within sixty days after the rendition of such judgment, or afterward with the permission of a justice or judge of the appellate court. And in such cases where a writ of error may be a supersedeas, executions shall not issue until the expiration of ten days."

Section 1012 (U. S. Comp. St. 1901, p. 716) reads as follows:

"Appeals from the Circuit Courts and District Courts acting as Circuit Courts, and from District Courts in prize causes, shall be subject to the same rules, regulations, and restrictions as are or may be prescribed in law in cases of writs of error."

In Haskins v. St. Louis & S. E. R. Co. et al., 109 U. S. 106, 107, 3 Sup. Ct. 72 (27 L. Ed. 873), the court said:

"Section 1000 of the Revised Statutes requires the justice or judge signing the citation to take the security. This power cannot be delegated to the clerk or to a commissioner. O'Reilley v. Edrington, 96 U. S. 724, 726 [24 L. Ed. 659]."

See, also, opinion in the case cited.

In Kitchen v. Randolph, 93 U. S. 86, at page 89 (23 L. Ed. 810), the court goes into the question of supersedeas, and says:

"It is not said when the writ of error shall be served. Its execution must of course precede the execution of the bond; and, as the judge who signs the citation is still required to take the bond, we think," etc.

Also:

"The execution, approval, and filing of the bond are substantial."

This is the law on the subject as stated by Bates in 2 Bates on Federal Equity Procedure, § 824, p. 855. He says:

"The law requires the justice or judge signing the citation to take the security. This power cannot be delegated to the clerk or a commissioner of the court. The judge must approve the bond."

He also asserts that this is the rule on appeals to the Circuit Court of Appeals. Section 824, p. 855; section 821, p. 851. Foster's Federal Practice asserts the same. 3 Foster, Federal Practice (4th Ed.) § 510, p. 2085. He says:

"A supersedeas is a stay of proceedings upon a judgment or decree to which a writ of error is issued or from which an appeal is taken. To secure a supersedeas in a civil case, the writ of error or appeal, and the security required to be given upon the issue of a citation, must be lodged in the clerk's office for the use of the defendant in error or appellee within 60 days, Sundays exclusive, after the rendering of the judgment. Security must also be given that the plaintiff in error, if he fail to make his plea good, will answer all damages and costs. The latter security, if filed concurrently with the issue of the citation and the lodging of the writ of error in the clerk's office or at any time within the said sixty days, Sundays exclusive, may be approved by the judge or justice who signs the citation, and operates as a stay as a matter of right. Otherwise it can only operate as a stay by the permission of a judge or justice of the appellate court, and then only if the writ of error was sued out and served within the 60 days."

If the power of approval is in the judge who signs the citation and it cannot be delegated by him to the clerk of his court, it cannot be delegated to another judge or assumed by another judge.

If this be the law, there was no effective supersedeas bond and no stay and no bond which perfected an appeal. True, within the authorities cited by Foster and Bates the appellate court, Circuit Court of Appeals, or a judge thereof, may permit the filing of a bond to operate as a supersedeas after the case is in that court; but this has not been done. In view of the action taken and order granted by Judge Lacombe, it is evident that he would not have approved any supersedeas bond after the solicitors and counsel for the trust companies appeared before him. I think I am bound to assume that August 26, 1911, the date of Judge Lacombe's memorandum vacating the supersedeas, and August 28th, the date of his order whereby the prior order that the giving of the bond should operate as a supersedeas was so far vacated, and it was also provided and ordered that the bond of $5,000 approved by the clerk and by Judge Holt should be stricken from the files of the court and the bond delivered up, Judge Lacombe decided and held that the bond had not been properly approved and was ineffectual, and that the Circuit Court had not lost jurisdiction of the cause—that it had not been transferred to the Circuit Court of Appeals—and that therefore he had full jurisdiction and power in the premises over his own prior order and power to vacate or amend according to the justice of the case. In any event, the appeal taken, if effectual as an appeal, did not operate as a supersedeas, and, as I view the law, a supersedeas bond, if not both fixed and approved by Judge Lacombe who signed the citation, could only be fixed and allowed pursuant to an order of the Circuit Court of Appeals which was not done and has not been done. Undoubtedly, after a cause is in the Circuit Court of Appeals by a regular appeal and that court is applied to to grant a supersedeas or to correct an error in the appeal or bond, that court may direct who shall approve, if a supersedeas is then granted or a defective bond is to be corrected. In such case the citation having been signed by a judge of the lower court and the case transferred, and the appellate court having exercised its power to grant a supersedeas or correct a defect, the rule that the judge signing the citation must approve the bond has no application, and the approval by him is not required by statute in such case. The appeal was not perfected until a bond for costs, duly approved, was filed. If the bond filed was defective, the appellate court may give a remedy or the appellant may now perfect the appeal in that regard.

There can be no question that a supersedeas is a matter of right under the statute so far as the interest of the appellant is involved. But it is not for the appellant to determine the amount or penalty of the supersedeas bond—the amount and sufficiency of the security. The other necessary papers must be presented to the judge, the appeal allowed, the citation signed, and the amount of the supersedeas bond fixed by the judge who signs the citation and allows the appeal, and approved by him. He is to determine the sufficiency of the security. The provision of the statute is substantial, says the Supreme Court, not merely directory. If the judge who allows the appeal and signs the citation should arbitrarily refuse to fix a supersedeas bond,

or to approve a sufficient one duly offered, in a proper case, some other judge would probably grant a stay of the execution of the decree until suitable action could be taken. And it may be that the tender of a sufficient bond duly executed to the judge allowing the appeal and signing the citation would be sufficient to operate as a supersedeas. But in this case no bond has been presented to Judge Lacombe, and no such question arises here. There is nothing in rule 13 (150 Fed. xxviii, 79 C. C. A. xxviii) of the Circuit Court of Appeals as to "supersedeas and cost bonds" which in any way provides, even by implication, that a supersedeas bond in a civil case, not allowed by the appellate court, may be taken or approved by a judge other than the one who allows the appeal and signs the citation. And any such rule or practice, if adopted, would be in the face of the statute and the decisions of the Supreme Court, and would also lead to confusion and conflict between the judges. I find nothing in Goddard v. Ordway, 94 U. S. 672, 24 L. Ed. 237, or in Draper v. Davis, 102 U. S. 370, 26 L. Ed. 121, or McCourt v. Singers-Bigger, 150 Fed. 102, 80 C. C. A. 56, or Goddard v. Ordway, 101 U. S. 745, 25 L. Ed. 1040, to the effect that one judge may allow the appeal, fix the bond, and sign the citation, and another judge take and approve the bond and its sufficiency, prior to the actual transfer of the case to the appellate court.

In Draper v. Davis, 102 U. S. 370, 371, 26 L. Ed. 121, the judge who signed the citation took and approved the security; the appeal having been allowed by the court sitting in term at a prior date but no security offered or given and no citation signed at that time. This of course complied fully with the statute and rules of the Supreme Court and Circuit Court of Appeals. Here the appeal was not allowed by the court in term, but by a circuit judge at chambers, who not only fixed the security to be given, but signed the citation. There was no delegation of authority to any other judge to approve the security or attempt to do so.

In Goddard v. Ordway, 101 U. S. 745, 752, 25 L. Ed. 1040, the order allowing the appeal and the order of revocation were both made by the court in the same term and during the sitting of the court.

In Goddard v. Ordway, 94 U. S. 672, 673 (24 L. Ed. 237), it was held:

"A supersedeas is not obtained by virtue of any process issued by this court, but it follows as a matter of law from a compliance by the appellant with the provisions of the act of Congress in that behalf."

"A compliance by the appellant with the provisions of the act of Congress in that behalf" requires: (1) The presentation to the judge of the petition of appeal and assignments of error; (2) the allowance of the appeal; (3) the fixing of security by the judge to operate as a supersedeas; (4) the execution of the bond and its approval by the judge who signs the citation, and also the signing of a citation; and, finally, the due filing of all the papers. I am of the opinion that, if one judge allows the appeal and fixes the security to be given to operate as a supersedeas, but does not sign the citation, another circuit judge or a district judge acting as circuit judge in the district may approve the security or bond later, provided he also signs the citation, although

this may be questioned. But the statute and rule are imperative that the judge who signs the citation shall approve the bond.

Jerome v. McCarter, 21 Wall. 17, 28, 30, 22 L. Ed. 515, is a plain holding that the judge who signs the citation is to approve the bond, and, I think, this should be done by the judge who fixes the security which is to operate as a supersedeas. In that case the court said:

"The twenty-second section of the judiciary act of 1789 provides that every justice or judge signing a citation or any writ of error shall take good and sufficient security. * * * Under the act of 1789, the amount of the security to be taken is left to the discretion of the justice or judge accepting it. The statute is satisfied if in his opinion the security is good and sufficient."

In short, the judge signing a citation is to determine not only the amount, but the sufficiency of the security offered. Again, the court said:

"This is a suit on a mortgage and, therefore, under this rule, a case in which the judge who signs the citation is called upon to determine what amount of security will be sufficient to secure," etc.

As Judge Lacombe signed the citation, he only could approve the bond, and, as it never was presented to or approved by him, there was no effectual stay or supersedeas entirely irrespective of his power to make the order of August 28th, vacating the supersedeas, or so modifying his prior order that no supersedeas was granted, and striking from the files of this court the bond actually filed. That bond was wholly ineffectual to operate as a supersedeas because not approved by Judge Lacombe, and it was immaterial whether it was or is on or off the files of this court.

I have not overlooked the case of Brown v. Northwestern Mut. Life Ins. Co. (Eighth Circuit) 119 Fed. 148, 55 C. C. A. 654, holding that a supersedeas bond is not to be held void in an action against the surety thereon as to such surety because not approved by the judge who signed the citation. In that case the court, Caldwell, C. J., Sanborn, C. J., and Adams, D. J., did hold, referring to section 1000, R. S., hereinbefore quoted:

"It ought to have, and has constantly, received a broader and more liberal construction—the construction that the bond may be approved by any judge or justice who was vested with the power to sign the citation and to allow the writ of error or appeal in the first instance."

The learned court cites as authority Catlett v. Brodie, 9 Wheat. 553, 555, 6 L. Ed. 158; O'Reilley v. Edrington, 96 U. S. 724, 24 L. Ed. 659; and Hudson v. Parker, 156 U. S. 277, 15 Sup. Ct. 450, 39 L. Ed. 424. The court also said:

"The judge who finally approved the bond had authority to do so, although he did not sign the citation, and the bond constituted a valid obligation of the sureties."

The result declared that the bond was a valid obligation of the sureties was of course correct. The bond had been acted on by the parties and respected as valid. It was duly executed by the sureties. Its validity as to the sureties did not depend on the approval by the judge signing the citation. Its effectiveness as a supersedeas did. The ques-

tion of the sufficiency of the bond to operate as a supersedeas had not been, and was not, raised. It had been respected as sufficient, and the appellant had had all the benefits, and it did not lie with the sureties at that late day to raise that question and thereby avoid liability. But I am compelled with all respect to dissent from the holding that the bond was properly approved so as to become effectual as a supersedeas bond, and the cases cited by that learned court in no way sustain the holding that it was, or that it could be, approved so as to operate as a supersedeas by any judge other than the one who signed the citation except pursuant to the direction of the Circuit Court of Appeals to remedy an omission or defect, or in case a supersedeas was granted by that court.

In Catlett v. Brodie, 9 Wheat. 553, 6 L. Ed. 158, the appeal had been taken to the Supreme Court of the United States and a supersedeas bond duly given, but not for the whole judgment. A motion to dismiss was made in the Supreme Court unless adequate security should be given. The case was then in that court and subject to its orders and decrees. The citation had been signed and the appeal perfected. The Supreme Court held that a bond should be given for the whole judgment and ordered a dismissal unless such a bond should be given and directed, as it had the inherent power to do, that the bond be approved by any judge or justice authorized to allow a writ of error and citation on the judgment. This is not a holding that the supersedeas bond given in the first instance, to be effective as such, need not be approved by the judge who signs the citation as the Supreme Court has held in the cases already cited that it must be.

In O'Reilley v. Edrington, 96 U. S. 724, 24 L. Ed. 659, the Supreme Court expressly said:

"The security required upon writs of error and appeal must be taken by *the* judge or justice"—not *a* judge or justice.

The court then said:

"*The* judge has never acted; but, as the omission was undoubtedly caused by the order of the court permitting the clerk to take the bond, the case is a proper one for the application of the rule by which this court sometimes refuses to dismiss appeals and writs of error, except on failure to comply with such terms as may be imposed for the purpose of supplying defects in the proceedings."

The court then, in the exercise of its own inherent power to stay the execution of the judgment, imposed its own terms and directed how the bond should be approved. When the court said, in the O'Reilley Case, "the security required upon writs of error and appeal must be taken by *the* judge or justice," and, later, "*the* judge has never acted," it plainly referred to *the* judge who signed the citation.

The cases later than Wheaton construing section 1000, R. S., have been cited. Haskins v. St. L. & S. E. R. Co., 109 U. S. 106, 107, 3 Sup. Ct. 72, 27 L. Ed. 873; Kitchen v. Randolph, 93 U. S. 86, 89, 23 L. Ed. 810; Jerome v. McCarter, 21 Wall. 17, 28, 30, 22 L. Ed. 515.

Hudson v. Parker, 156 U. S. 277, 15 Sup. Ct. 450, 39 L. Ed. 424, the last case cited by said Circuit Court of Appeals, in no way involved the question here presented. In that case, as authorized by section 5

of chapter 517, Act of March 3, 1891, 26 Stat. 827 (U. S. Comp. St. 1901, p. 549), establishing the Circuit Court of Appeals, a writ of error to the District Court, Western District of Arkansas, was allowed in the case of an infamous crime, assault with intent to kill, taking the case direct to the Supreme Court of the United States. Mr. Justice Brewer of the Supreme Court assigned to the Eighth circuit was absent from that circuit and from the city of Washington, and the petition for a writ of error supersedeas and bail pending appeal was presented to Mr. Justice White of the Supreme Court. Mr. Justice White indorsed on the petition the following order:

"Writ of error to operate as supersedeas allowed, returnable according to law, the defendant to furnish bond in the sum of $5,000 conditioned according to law subject to the approval of the district judge.

"[Signed]    E. D. White, Justice Supreme Court of the United States.

"Dated Aug. 14, 1894."

After the writ of error was issued and the citation served, a sufficient bond in the sum of $5,000 was presented to the district judge of said district in open court, who refused to approve it because, as claimed by him, the order of Justice White was made without authority of law and invalid. The prisoner remained in jail. Application was made for a mandamus to compel the approval of such bond and the admission of the defendant to bail. The return of the district judge to the application for mandamus (156 U. S. 279, 15 Sup. Ct. 450, 39 L. Ed. 424) shows that the district judge had granted a writ of error and signed a citation August 15, served August 21, 1894, and also alleged a subsequent conviction of defendant on another charge. The return also alleged: (1) That the bond, if approved, would be void for the reason the defendant could only be admitted to bail after citation served; (2) that Mr. Justice White was not the justice assigned to the Eighth circuit and not a circuit or district judge and was without power to make the order; (3) that rule 36 (11 Sup. Ct. iv) of the Supreme Court was void for want of authority to order or take bail after conviction. There was no suggestion that bail could be approved by Justice White only, and it does not appear that he signed the citation. The Supreme Court there held that, as decided in Claasen's Case, 140 U. S. 200, 11 Sup. Ct. 735, 35 L. Ed. 409, a writ of error from the Supreme Court in case of a crime, infamous but not capital (the case before the court), was a matter of right without any security. 156 U. S. 283, 15 Sup. Ct. 450, 39 L. Ed. 424. At 156 U. S. 282, 15 Sup. Ct. 450, 39 L. Ed. 424, that under section 917, R. S., it had power to make rules, and that its rule regulating appeals was valid. And also held at 156 U. S. 283, 15 Sup. Ct. 452, 39 L. Ed. 424, that in such a criminal case "the citation might be signed by a justice of this court (Supreme Court) under R. S. § 999; that a supersedeas might be granted not only by this (the Supreme) court, under section 716, but by a justice thereof, under section 1000; and that, if the justice signing the citation directed that it should operate as a supersedeas, the supersedeas might be obtained by merely serving the writ within the time prescribed in section 1007." These holdings disposed of the whole question of the supersedeas in such a criminal case, as no security is required. The or-

der of Mr. Justice White as to a bond was treated as one requiring the district judge to admit the defendant to bail in the sum of $5,000, and the court said (156 U. S. 284, 15 Sup. Ct. 453 [39 L. Ed. 424]):

"The next question is of the validity of his order so far as regards admitting the prisoner to bail pending the writ of error. * * * In Claasen's Case it was held that, in the case of an infamous crime, the writ of error was a matter of right, and that no security, such as is necessary in a civil case, was required. The only 'proper security' then in a criminal case is security for the appearance of a prisoner admitted to bail. Within the very terms of the rule, therefore, any justice of this court, although not assigned to the particular circuit, would seem to have power to permit bail to be taken."

The court then shows that bail for appearance, "shall be. taken" and was matter of right, and that any justice of the Supreme Court has power to "order the plaintiff in error" (defendant) "to be admitted to bail, independently of any rule on the subject." The court then said (156 U. S. 287, 15 Sup. Ct. 454, 39 L. Ed. 424):

"Having the authority to order bail to be taken, the same justice might either himself approve the bail bond; or he might order that such a bond should be taken in an amount fixed by him, the form of the bond and the sufficiency of the sureties to be passed upon by the court whose judgment was to be reviewed, or by a judge of that court; or he might leave the whole matter of bail to be dealt with by such court or judge.

"Upon a writ of error in a civil case, the requisite security is ordinarily taken by the justice or judge who allows the writ and signs the citation. Jerome v. McCarter, 21 Wall. 17 [22 L. Ed. 515]. But, where the bond taken is insufficient in law, this court, in the exercise of its inherent jurisdiction as a court of error, may direct that the writ be dismissed, unless the plaintiff in error gives security sufficient in this respect, to be taken and approved by any justice or judge who is authorized to allow the writ of error and citation. Catlett v. Brodie, 9 Wheat. 553, 555 [6 Sup. Ct. 158]; O'Reilley v. Edrington, 96 U. S. 724 [24 L. Ed. 659].

".. "This court, in the lawful exercise of its power to prescribe the forms of process and to regulate the practice upon writs of error, has said, in paragraph 2 of rule 36 [11 Sup. Ct. iv], that, in the case of a conviction of an infamous crime, 'the Circuit Court, or District Court, or any judge or justice thereof, shall have power, after the citation is served, to admit the accused to bail in such amount as may be fixed.'"

There is not a suggestion in the whole case that in a civil or a criminal case a judge or justice, other than the one signing the citation, may take or approve a bond which is to operate as a supersedeas unless directed to do so by the appellate court when the one first taken is defective or omitted. No supersedeas bond was necessary in that case (Hudson v. Parker), and the order of Justice White was an order to the district judge to admit the defendant to bail in the sum of $5,000. This was not the supersedeas which became effectual by the order; that is, the execution of the sentence was stayed. But that did not entitle the prisoner to go at large, and the justice fixed the bond which he must give in order to be enlarged on bail pending the decision of the writ of error and directed in effect that the district judge take such bail and enlarge the defendant. In the Claasen Case, 140 U. S. 208, 11 Sup. Ct. 735, 35 L. Ed. 409; the Supreme Court held that in a criminal case there are no costs and no damages to be paid, and there-

fore no bond or security whatever is required or to be taken or approved.

I hold that, as the statute says "every judge signing a citation * * * shall take good and sufficient security * * * where the writ is a supersedeas," etc., it means what it plainly says, and that taking security necessarily includes the approval of the bond. The statute is not satisfied by his fixing the amount of the security and leaving it with some other judge to "take" the security. I hold, also, that there was no supersedeas in the case.

I am of the opinion that the rights of the National Contracting Company can be fully protected. If its appeal is successful and the two mortgages held invalid, or if it is finally determined that it has a priority by equitable lien, the proceeds of sale will be in court and subject to the order of the court so far as necessary for the purpose and adequate provision must be made in this regard. The Circuit Court of Appeals would undoubtedly stay any distribution or disposition of the proceeds of the sale which will place them beyond the reach of that company in case this court should refuse to make ample provision for its protection. The parties may submit their proposition in this regard on the settlement of the order confirming the sale which is fixed for September 21, 1911, at 11 a. m. at my chambers in Norwich, unless the parties agree upon some other day.