## SOLOMON v. UNITED STATES.

(Circuit Court of Appeals, First Circuit. September 24, 1923.)

1. **Bail** ⬭47—**Court rule as to power to admit to bail pending appeal held to have no reference to appellate court.**

Rule 35 of the Rules of the Circuit Court of Appeals, First Circuit (150 Fed. xlvi, 79 C. C. A. xlvi), providing that on or after the allowance of a writ of error in a criminal case "the justice or judge who allowed the writ or the court which entered the judgment, or any judge thereof, shall have power to admit to bail the plaintiff in error," has no reference to admission to bail by the appellate court.

2. **Criminal law** ⬭1084—**To entitle defendant to supersedeas pending proceedings in error, writ must be served within 60 days after judgment.**

Under Rev. St. § 1007 (Comp. St. § 1666), where a writ of error may be a supersedeas in a criminal case the defendant, having served his writ of error as therein provided within 60 days after the rendering of the judgment, may obtain such supersedeas as of right by giving the security, where security is required, on issuance of the citation, or at any time within 60 days from rendition of the judgment, or afterward by permission of a justice or judge of the appellate court; but defendant who does not have his writ of error served within the 60 days is not entitled to a supersedeas, and this without regard to whether he could or could not have been required to furnish security had his writ of error been seasonably sued out and served.

In Error to the District Court of the United States for the District of Massachusetts; George W. Anderson, Judge.

Criminal prosecution by the United States against Charles Solomon. On application by defendant for supersedeas and bail. Denied. See, also, 297 Fed. 82.

William H. Lewis, of Boston, Mass., for plaintiff in error.

Laurence Curtis, Second Asst. U. S. Atty., of Boston, Mass. (Robert O. Harris, U. S. Atty., of Boston, Mass., on the brief), for the United States.

Before BINGHAM and JOHNSON, Circuit Judges, and HALE, District Judge.

BINGHAM, Circuit Judge. This is an application to this court by Charles Solomon requesting stay of execution of sentence and that he be admitted to bail pending his writ of error to this court. The facts upon which the application is based are as follows:

In January, 1923, the petitioner was tried before a jury in the District Court for Massachusetts on an indictment containing four counts. In the first count he was charged with subornation of perjury, and in the fourth count with "unlawfully, knowingly, willfully, feloniously and corruptly influencing and obstructing justice in the District Court of the United States." On January 16 the jury returned a verdict of guilty on counts 1 and 4. On January 23 he was sentenced to be imprisoned in the penitentiary at Atlanta, Ga., for five years at hard labor, to pay a fine of $1,000, and to stand committed until sentence be performed; and thereafter a warrant of commitment was issued. February 3, the petitioner filed in the clerk's office of the Dis-

⬭For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

trict Court a proposed bill of exceptions. The time for perfecting the bill of exceptions was extended from time to time by the court to the 13th day of July, 1923. On July 13 an amended bill of exceptions, an assignment of errors, and a petition for writ of error were filed, and, on the 24th day of July, they were allowed. The petitioner is now serving sentence on the warrant of commitment.

[1] The application is made under section 1007 of the Revised Statutes (Compiled Stat. 1916, § 1666) and Rule 35 of the Circuit Court of Appeals for this circuit. Rule 35 reads as follows:

"On or after the allowance of a writ of error in a criminal case cognizable by this court, the justice or judge who allowed the writ or the court which entered the judgment, or any judge thereof, shall have power to admit to bail the plaintiff in error according to the rules of law applicable to his case."

Section 1007 is as follows:

"In any case where a writ of error may be a supersedeas, the defendant may obtain such supersedeas by serving the writ of error, by lodging a copy thereof for the adverse party in the clerk's office where the record remains, within sixty days, Sundays exclusive, after the rendering of the judgment complained of, and giving the security required by law on the issuing of the citation. But if he desires to stay process on the judgment, he may, having served his writ of error as aforesaid, give the security required by law within sixty days after the rendition of such judgment, or afterward with the permission of a justice or judge of the appellate court. And in such cases where a writ of error may be a supersedeas, executions shall not issue until the expiration of ten days."

It is apparent from the language of Rule 35 that it has no reference to the power of this court to admit to bail, but to the power of the justice or judge who allowed the writ of error or the court which entered the judgment, or any judge thereof; and that, in the exercise of such power, the justice or judge who allowed the writ, etc., shall admit to bail the plaintiff in error according to the rules of law applicable to his case. We need, therefore, give no further consideration to this rule.

[2] The Supreme Court in considering section 1007, which relates to supersedeas or stay of execution pending a writ of error, has held it applicable to criminal cases (In re Claasen, 140 U. S. 200, 11 Sup. Ct. 735, 35 L. Ed. 409; Hudson v. Parker, 156 U. S. 277, 15 Sup. Ct. 450, 39 L. Ed. 424), as well as to civil cases (Kitchen v. Randolph, 93 U. S. 86, 23 L. Ed. 810; Sage et al. v. Central R. R. Co. et al., 93 U. S. 412, 23 L. Ed. 933; Goddard v. Ordway, 94 U. S. 672, 24 L. Ed. 237; Peugh v. Davis, 110 U. S. 227, 4 Sup. Ct. 17, 28 L. Ed. 127; Foster v. Kansas, 112 U. S. 201, 5 Sup. Ct. 8, 97, 28 L. Ed. 629; Danville v. Brown, 128 U. S. 503, 9 Sup. Ct. 149, 32 L. Ed. 507; Title Guaranty Co. v. General Electric Co., 222 U. S. 401, 32 Sup. Ct. 168, 56 L. Ed. 248), and has construed it as though it read as follows:

"In any case where a writ of error may be a supersedeas, the defendant may obtain such supersedeas by serving the writ of error by lodging a copy thereof for the adverse party in the clerk's office where the record remains, within sixty days, Sundays exclusive, after the rendering of the judgment complained of, and giving the security required by law [where any is so required] on the issuing of the citation.

"But if he [citation having issued without security having been given, where security is required by law] desires to stay process on the judgment, he may,

having served his writ of error as aforesaid [by lodging a copy thereof in the clerk's office where the record remains, within sixty days, Sundays exclusive, after the rendering of the judgment complained of] give the security required by law within sixty days after the rendition of such judgment [as a matter of right], or afterwards with the permission of a justice or judge of the appellate court.

"And in such cases where a writ of error may be a supersedeas, executions shall not issue until the expiration of ten days."

The first paragraph contemplates that a writ of error may operate as a supersedeas if sued out and served (by lodging a copy thereof for the adverse party in the clerk's office where the record remains) within 60 days, Sundays exclusive, after the judgment is rendered and by furnishing the requisite security when the citation is signed. Kitchen v. Randolph, supra, page 91, and cases supra. The "But" or second paragraph contemplates a situation where the defendant, at the time the citation was signed, had complied with all the requirements of the first paragraph, except the giving of security where security is required by law, and provides that he may then give the necessary security before the expiration of 60 days from the judgment, which will operate to stay execution as a matter of right (Kitchen v. Randolph, supra, page 91); or, having sued out and served his writ of error within said 60 days, he may afterwards, with the permission of a justice or judge of the appellate court, give the necessary security and have a stay of execution (Kitchen v. Randolph, supra, page 91; Peugh v. Davis, supra, page 229 [4 Sup. Ct. 17], and cases above cited). In the latter case a stay is a matter of favor, but in either case the suing out and service of the writ within the statutory period is a prerequisite. Indulgence is granted only as to the security. Kitchen v. Randolph, supra, page 91.

"A supersedeas is a statutory remedy. It is only obtained by a strict compliance with all the required conditions, none of which can be dispensed with. Hogan v. Ross, 11 How. 297; Railroad Co. v. Harris, 7 Wall. 575. Time is an essential element in the proceeding, and one which neither the court nor the judges can disregard. * * * The court can no more give effect to a supersedeas by ordering that the appeal shall relate back to a time within the sixty days, than it can to an appeal taken after the expiration of two years, by dating it back to a time within the limitation. To make a nunc pro tunc order effectual for such purposes, it must appear that the delay was the act of the court and not of the parties, and that injustice will not be done." Sage et al. v. Central R. R. Co. et al., 93 U. S. 412, 417, 418 (23 L. Ed. 933).

In this case it appears that the petitioner failed to have his writ of error allowed and served by lodging a copy thereof for the adverse party in the clerk's office where the record remained within 60 days after the imposition of the sentence complained of. Because of his failure in this respect, he is not entitled to a supersedeas (In re Claasen, 140 U. S. 200, 208, 11 Sup. Ct. 735, 35 L. Ed. 409; Goddard v. Ordway, 94 U. S. 672, 673, 24 L. Ed. 237; Kitchen v. Randolph, 93 U. S. 89, 23 L. Ed. 810; Sage et al. v. Central R. R. Co. et al., 93 U. S. 412, 23 L. Ed. 933), and this without regard to whether he could or could not have been required to furnish security had his writ of error been seasonably sued out and served (Hardesty v. United States, 184 Fed. 269, 106 C. C. A. 411).

We know of no case in the Supreme Court, and none has been called to our attention, in which it has been held that a writ of error will work a supersedeas when the writ has not been sued out and served within the 60 days prescribed in the statute. There is, however, a statement in McKnight v. United States, 113 Fed. 451, 452, 51 C. C. A. 286, where the Court of Appeals for the Sixth Circuit says:

"If the writ of error is not allowed until after the lapse of 60 days, it will equally operate as supersedeas, provided the judge signing the citation shall so direct."

We do not regard this as a correct statement of the law. It cannot be determined from the report of the case whether the writ of error there in question had been sued out and served within the 60 days or not. If it had not been so sued out and served, the decision is in conflict with the decisions of the Supreme Court; and if it had been, the statement would seem to be dictum.

The petitioner, not being entitled to a stay of execution, is not entitled to bail.

Application denied.